**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

      Defendants.

---

**PLAINTIFF UNITED STATES' RESPONSE TO DEFENDANT SOLIDIFI U.S. INC.'S
MOTION TO DISMISS (ECF No. 39)**

---

## TABLE OF CONTENTS

INTRODUCTION..............................................................................................................1

BACKGROUND ............................................................................................................3

   1.   Solidifi engaged Mr. Mykhailyna to appraise the Subject Property and maintained and exercised control over the appraisal. ...................................................................3

   2.   Acting as an agent of Solidifi, Mr. Mykhailyna undervalued the Subject Property because of Ms. Cheroutes's race, and Solidifi then supplied the discriminatory appraisal to Rocket. ..............................................................................................4

STANDARD OF REVIEW ..............................................................................................6

ARGUMENT..................................................................................................................6

   1.   The Complaint states a claim for vicarious liability against Solidifi. .....................7

   2.   Solidifi's arguments misconstrue traditional agency principles. ..........................11

CONCLUSION ...........................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229 (10th Cir. 2013) .............7, 11, 12

*Alfaro-Huitron v. Cervantes Agribusiness,* 982 F.3d 1242 (10th Cir. 2020)...............8, 13

*C1.G v. Siegfried*, 38 F.4th 1270 (10th Cir. 2022) ............................................................6

*Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994).......................................................13

*Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Off.*, 859 P.2d 278 (Colo. App. 1993)..............................................................................................................15

*City of Chicago v. Matchmaker Real Est. Sales Ctr. Inc.*, 982 F.2d 1086 (7th Cir. 1992) ......................................................................................................................11

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006) .......................................9, 10

*Cont'l Bus Sys., Inc. v. NLRB*, 325 F.2d 267 (10th Cir. 1963) .......................................15

*Courtney ex rel. Courtney v. Class Transp., Inc.*, Civil Action No. 18-cv-02335-RBJ,
2021 WL 119331 (D. Colo. Jan. 13, 2021) ................................................................... 15

*Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205 (10th Cir. 2022) ......................................... 14

*Dole v. Snell*, 875 F.2d 802 (10th Cir. 1989) ............................................................... 15

*Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) ................... 15

*Harris v. Itzhaki*, 183 F.3d 1043 (9th Cir. 1999) ......................................................... 14

*ING Bank v. American Reporting Co.*, 843 F. Supp. 2d 491 (D. Del. 2012) ................. 11

*Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024 (10th Cir. 1996) ............................ 15

*Meyer v. Holley*, 537 U.S. 280 (2003) ...................................................................passim

*Penn. State Police v. Suders*, 542 U.S. 129 (2004) ....................................................... 7

*Pirtle v. Allsup's Convenience Store, Inc.*, No. CV-02-509 JP/JHG, 2003 WL 27385258
(D.N.M. Apr. 2, 2003) ................................................................................................ 11

*Powell v. City & Cnty. of Denver*, 973 F. Supp. 1198 (D. Colo. 1997) .......................... 15

*Sanders v. Dorris*, 873 F.2d 938 (6th Cir. 1989) ......................................................... 11

*United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016) .................................... 8, 13

*United States v. Pelfrey*, NO. CIV-18-945-HE, 2019 WL 2110582 (W.D. Okla. May 14,
2019) ................................................................................................................... 7, 11

*Vance v. Ball State Univ.*, 570 U.S. 421 (2013) ............................................................. 7

*Weed v. Pueblo*, 591 P.2d 80 (Colo. 1979) ................................................................. 15

**Statutes**

15 U.S.C. § 1639e ....................................................................................................... 14

42 U.S.C. § 3605 ................................................................................................ 1, 6, 10

Colo. Rev. Stat. § 12-10-614(1)(c) ............................................................................... 14

**Regulations**

24 C.F.R. § 100.20 ................................................................................................... 10, 12

24 C.F.R. § 100.7(b)............................................................................................... 10, 12

**Other Authorities**

Civil Rights Act of 1968, Pub. L. No. 90–284, 82 Stat. 73 ................................................. 7

Deborah A. DeMott, *The Lawyer As Agent*, 67 Fordham L. Rev. 301 (1998)................ 15

Restatement (Second) of Agency § 1............................................................................ 1

Restatement (Second) of Agency § 1 cmt. e................................................................ 12

Restatement (Second) of Agency § 12 & cmt. a .......................................................... 13

Restatement (Second) of Agency § 13 cmt. c .............................................................. 14

Restatement (Second) of Agency § 14 cmt. a............................................................ 8, 9

Restatement (Second) of Agency § 14N & cmt. a ........................................................ 12

Restatement (Second) of Agency § 2 & cmt. b ........................................................... 12

Restatement (Second) of Agency § 215....................................................................... 12

Restatement (Second) of Agency § 216....................................................................... 12

Restatement (Second) of Agency § 216 cmt. a ............................................................. 9

Restatement (Second) of Agency § 7 cmt. c ................................................................ 13

Restatement (Second) of Agency §§ 387-93 ................................................................ 8

**INTRODUCTION**

The Fair Housing Act ("FHA") makes it unlawful to, among other things,
discriminate because of race in appraising residential property. 42 U.S.C. § 3605. As
alleged in the Complaint, Defendant Rocket Mortgage, LLC retained Defendant Solidifi
U.S. Inc. to appraise Francesca Cheroutes's property. *Infra* at 3. Solidifi delivered an
appraisal to Rocket, and that appraisal intentionally undervalued Ms. Cheroutes's home
because of her race. *Id.* at 4-5. Furthermore, Solidifi's contract made clear that the
appraisal was its property, not the property of the individual appraiser who signed it. *Id.*
at 4. In other words, the Complaint alleges that Solidifi violated the FHA by preparing a
discriminatory appraisal (via its agent) and submitting it to Rocket. *Id.* at 3-5.
Nevertheless, Solidifi argues it should bear no liability for its own discriminatory
appraisal that it commissioned and delivered and for which it was paid. Solidifi's
arguments are meritless.

Under traditional rules of vicarious liability, which apply under the FHA, Solidifi is
liable for the actions of its agent carried out within the scope of that agency. *Id.* at 7-11.
An agency relationship exists where there is a "manifestation of consent by one person
to another that the other shall act on his behalf and subject to his control, and consent
by the other so to act." Restatement (Second) of Agency § 1 (1958). As alleged in the
Complaint, Solidifi retained Defendants Maksym Mykhailyna and Maverick Appraisal
Group Inc. to prepare an appraisal on Solidifi's behalf and subject to its control. *Infra* at
3-4. The contract specified that the appraisal was being prepared for Solidifi and would

be owned by Solidifi. *Id.* And the contract made clear that the work would be carried out under Solidifi's control. *Id.* The contract also dictated the standards and rules Mr. Mykhailyna and Maverick were required to follow in preparing the appraisal and gave Solidifi the right to review it and order changes before Solidifi approved it and sent it to Rocket. *Id.*

Solidifi ignores the applicable agency principles and instead argues there is no vicarious liability because (1) Solidifi used an independent contractor rather than an employee to prepare the appraisal; (2) the appraiser exercised at least some discretion in carrying out the work; (3) the contract contained self-serving language disclaiming that the appraiser was Solidifi's agent; and (4) appraisal independence statutes prohibit the type of control necessary for an agency relationship. ECF No. 39 at 7-15. All of these arguments contradict traditional agency principles. As alleged, Mr. Mykhailyna and Maverick prepared the appraisal on behalf of Solidifi, under Solidifi's rules and directions, and subject to Solidifi's right to demand changes. *Infra* at 3-5. Solidifi retained authority over whether to approve the appraisal and whether to send it to Rocket. *Id.* It is well established that the question of agency is a factual question based on the nature of the relationship, not the labels asserted in the contract. *Id*. at 14. And appraisal independence laws do not alter established agency principles or require Solidifi to accept discriminatory appraisals. *Id.* at 14-15. Therefore, the Complaint plausibly alleges that Solidifi is vicariously liable, and Solidifi's motion should be denied.

## BACKGROUND

**1.    Solidifi engaged Mr. Mykhailyna to appraise the Subject Property and maintained and exercised control over the appraisal.**

Solidifi is in the business of providing appraisals to mortgage lenders. ECF No. 1 ¶ 42. Solidifi maintains a panel of appraisers who complete appraisals on its behalf. *Id.* ¶ 45. Solidifi selects these appraisers by reviewing license and insurance information and conducting a background check. *Id.* ¶ 46. An appraiser must also complete an interview and multiple stages of monitoring and coaching by Solidifi to become an active panel member. *Id.* ¶ 47. Solidifi controls the work of active members by enforcing extensive standards and guidance regarding their appraisals, reviewing every appraisal, retaining the right to require changes to appraisals, enforcing a code of conduct, providing relevant computer systems to appraisers, rating and tracking appraisers' work, and mandating remedial steps for appraisers with performance issues. *Id.* ¶¶ 49-57.

Ms. Cheroutes, who is Black, owns a duplex in Denver, Colorado (the "Subject Property"). *Id.* ¶¶ 16, 23-26. In January 2021, she applied to refinance her mortgage with Rocket, which contracted with Solidifi to supply an appraisal of the property. *Id.* ¶¶ 2-3, 31, 43. Solidifi entered into an agreement with Maverick and Mr. Mykhailyna, Maverick's owner (hereinafter collectively "Mr. Mykhailyna"), to complete the appraisal on Solidifi's behalf. *Id.* ¶¶ 13, 44-45. Pursuant to this agreement, Mr. Mykhailyna inspected Ms. Cheroutes's home and submitted an appraisal to Solidifi, which Solidifi reviewed and delivered to Rocket. *Id.* ¶¶ 3, 44, 49, 111-12.

Solidifi retained and exercised extensive control over the manner in which Mr.

3

Mykhailyna performed the appraisal for Solidifi. Solidifi maintained him on a panel, trained him, and monitored him. *Id.* ¶¶ 3, 45, 47, 53-54. Solidifi's contract required Mr. Mykhailyna to follow specified standards in completing the appraisal and stated that it could recoup its fees if he did not follow those standards. *Id.* ¶ 44; ECF No. 39-1 § 4(d). It required him to use Solidifi's proprietary software to receive assignments and submit appraisals, keep specified information confidential, and notify Solidifi promptly of any breaches. ECF No. 1 ¶ 52; ECF No. 39-1 §§ 3(a)-(b), 4(a)(i)-(iv). It required him to comply with Solidifi's deadlines for completing the appraisal and allowed Solidifi to reassign the appraisal if he failed to meet those deadlines. ECF No. 39-1 § 3(e). And it imposed numerous continuing obligations on Mr. Mykhailyna after the appraisal was complete, including that he would promptly report to Solidifi any complaints, legal claims, or enforcement proceedings regarding the appraisal and that he would retain records for a specified period of time. ECF No. 1 ¶ 44; ECF No. 39-1 §§ 4(a)(vii), (ix). Solidifi also owned and retained control over the content of the appraisal. The contract authorized Solidifi to require changes to the appraisal, including changes needed to comply with Solidifi's mandated appraisal standards. ECF No. 1 ¶¶ 44, 49; ECF No. 39-1 § 3(f). Further, it stated that the appraisal "shall be the sole property of Solidifi and shall be considered [a] 'work[] made for hire.'" ECF No. 39-1 § 7(c); ECF No. 1 ¶ 50.

2. **Acting as an agent of Solidifi, Mr. Mykhailyna undervalued the Subject Property because of Ms. Cheroutes's race, and Solidifi then supplied the discriminatory appraisal to Rocket.**

In the Subject Appraisal, completed on January 21, 2021, Mr. Mykhailyna opined

that the property was worth $640,000, far below its $860,000 appraisal in May 2020. ECF No. 1 ¶¶ 68-69. The Complaint alleges, in detail not summarized here, that in conducting the appraisal for Solidifi, Mr. Mykhailyna undervalued the Subject Property because of Ms. Cheroutes's race. *Id*. ¶¶ 63-65, 76-106. Mr. Mykhailyna was acting as an agent of Solidifi when he prepared the discriminatory appraisal. *Id*. ¶¶ 12-13. Solidifi received the Subject Appraisal from Mr. Mykhailyna on January 21, 2021. *Id*. ¶ 107.

Various aspects of this Subject Appraisal did not comply with Solidifi's extensive standards. *Id*. at ¶¶ 55-56, 81, 99, 103, 109-10. Solidifi's standards required a clear and detailed explanation whenever a comparable sale was more than one mile away, net adjustments to a comparable sale exceeded fifteen percent, or gross adjustments exceeded twenty-five percent. *Id*. ¶ 55, 81-82, 108. Mr. Mykhailyna exceeded all three of these standards, but he did not provide the required explanations. *Id*. Solidifi's standards also required Mr. Mykhailyna to give a detailed explanation for the three comparable sales with gross building areas that deviated more than twenty percent from the Subject Property, but he gave no explanation. *Id*. ¶ 109. He also violated Solidifi's requirement for an explanation of line-item adjustments over ten percent. *Id.* ¶ 99.

Solidifi reviewed the Subject Appraisal, as it had the right to do. *Id*. ¶¶ 49, 57, 111. Although Solidifi could have required Mr. Mykhailyna change the appraisal to comply with its standards, it adopted the appraisal without changes and sent it to Rocket that same day. *Id.* ¶¶ 44, 111-12.

5

## STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, the Court "accept[s] a complaint's well-pleaded factual allegations as true, view[s] all reasonable inferences in favor of the nonmoving party, and liberally construe[s] the pleadings." *C1.G v. Siegfried*, 38 F.4th 1270, 1276 (10th Cir. 2022) (quotation omitted). A complaint survives if it "state[s] a claim to relief that is plausible on its face." *Id.* (quotation omitted).

## ARGUMENT

Under 42 U.S.C. § 3605(a), it is "unlawful for any . . . entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race." The FHA defines "residential real estate-related transaction[s]" to include "appraising of residential real property." 42 U.S.C. § 3605(b)(2). And Solidifi does not dispute that the Complaint plausibly alleges that Mr. Mykhailyna violated § 3605 by undervaluing Ms. Cheroutes's home in the Subject Appraisal based on her race. *See generally* ECF No. 39.

The Complaint also plausibly alleges Solidifi is vicariously liable for Mr. Mykhailyna's actions because Solidifi created an agency relationship with Mr. Mykhailyna, who committed the discriminatory acts pursuant to that relationship and subject to Solidifi's control. In disputing this point, Solidifi relies not on traditional principles of agency law but on inapposite principles of state law and employment law. *See* ECF No. 39 at 7-15. For the reasons below, Solidifi's motion should be denied.

1.  **The Complaint states a claim for vicarious liability against Solidifi.**

"[I]t is well established that the [Fair Housing] Act provides for vicarious liability."

*Meyer v. Holley*, 537 U.S. 280, 285 (2003). Vicarious liability "ordinarily make[s]

principals or employers vicariously liable for acts of their agents or employees in the

scope of their authority or employment." *Id.* In FHA cases, "[t]he question of whether

there is an agency relationship is determined under federal law." *United States v.

Pelfrey*, NO. CIV-18-945-HE, 2019 WL 2110582, at *3 (W.D. Okla. May 14, 2019)

(citation omitted). Courts look to "ordinary" principles of agency and vicarious liability,

rather than "nontraditional" principles. *See Meyer*, 537 U.S. at 285, 289 (rejecting

reliance on "nontraditional vicarious liability principles" because Congress enacted FHA

against background of "ordinary tort-related vicarious liability rules").

The Supreme Court and Tenth Circuit have repeatedly relied on the Restatement

of Agency to identify ordinary principles of agency and vicarious liability. *See, e.g.*,

*Vance v. Ball State Univ.*, 570 U.S. 421, 428 (2013); *Penn. State Police v. Suders*, 542

U.S. 129, 144 (2004); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1250 (10th

Cir. 2013). Under the Restatement (Second) of Agency, an agency relationship exists

when the principal and agent consent for the agent (1) to act on "behalf" of the principal,

(2) "subject to" the control of the principal. *See* Restatement (Second) of Agency § 1.[1]

---

[1] The Restatement (Second) of Agency (1958) was the most recent Restatement when
the FHA was passed in 1968, *see* Civil Rights Act of 1968, Pub. L. No. 90–284, 82 Stat.
73, and the Supreme Court relied on this two-prong standard from the Restatement
(Second) of Agency in *Meyer*, 537 U.S. at 286.

The Complaint alleges facts that satisfy each element. ***First***, the Complaint alleges that Solidifi and Mr. Mykhailyna agreed to have Mr. Mykhailyna conduct the Subject Appraisal on Solidifi's behalf. Under this prong, "the question is usually simply whether the agent acts with the principal's consent and (in some way) to further the principal's purpose." *See United States v. Ackerman*, 831 F.3d 1292, 1301 (10th Cir. 2016) (citing Restatement (Second) of Agency §§ 387-93). Here, Mr. Mykhailyna acted on behalf of Solidifi in every substantive aspect of the transaction, and both parties consented to this arrangement. Solidifi's business is providing appraisal services, and Solidifi engaged Mr. Mykhailyna to perform this function on its behalf. *See* ECF No. 1 ¶¶ 42-45. Mr. Mykhailyna conducted the home inspection and interacted with Ms. Cheroutes on behalf of Solidifi. *Id*. ¶¶ 43-44, 59, 63. Mr. Mykhailyna also acted on behalf of Solidifi by completing the Subject Appraisal, which Solidifi used to fulfill its contractual responsibilities to Rocket. *Id.* ¶¶ 68, 107, 111-12.

***Second***, the Complaint sufficiently alleges that Mr. Mykhailyna was subject to Solidifi's control. Under this prong, the key inquiry is whether the principal had the "*right* to control," not whether it actually exercised such control. *See* Restatement (Second) of Agency § 14 cmt. a (emphasis added); *accord Meyer*, 537 U.S. at 286. "The principal's control may concern only the overall mission, not operational details. For instance, the principal may exercise control simply by giving initial instructions to the agent on what actions to take." *Alfaro-Huitron v. Cervantes Agribusiness*, 982 F.3d 1242, 1253 (10th Cir. 2020) (citing the Second and Third Restatements of Agency). Similarly, "the control

8

asserted need not 'include control at every moment; its exercise may be very attenuated and, as where the principal is physically absent, may be ineffective.'" *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006) (quoting Restatement (Second) of Agency § 14 cmt. a). A principal thus may be liable even where it "did not authorize or did not know of the acts complained of." *Meyer*, 537 U.S. at 286 (quotation omitted); *accord* Restatement (Second) of Agency § 216 cmt. a.

Here, Solidifi had the right to direct and control Mr. Mykhailyna's work. The contract between Solidifi and Mr. Mykhailyna required him to comply with various standards governing how he would perform the Subject Appraisal. ECF No. 1 ¶¶ 44, 49, 55-56; ECF No. 39-1 § 4(d). These standards included detailed instructions regarding how to choose comparable sales, adjust the values of those comparable sales, and justify those adjustments. ECF No. 1 ¶¶ 55-56. The contract also required him to comply with Solidifi's code of conduct and security policies, meet the Uniform Standards of Professional Appraisal Practice, obey other legal requirements, and "submit true, current and complete information." ECF No. 39-1 § 4(a). Solidifi reviewed every appraisal, checking for overvaluation and undervaluation, ECF No. 1 ¶ 57, and retained the right to "require changes to be made to the appraisal(s)," ECF No. 39-1 § 3(f).

Moreover, the contract between Solidifi and Mr. Mykhailyna expressly provided that if he violated any of the myriad requirements concerning his work, his pay could be withheld, and Solidifi could terminate the contract. *Id.* §§ 4(d), 9(c)(ii). Solidifi could also take other remedial actions, such as demoting him to "Watch Status" and providing

coaching sessions. ECF No. 1 ¶ 54. This unmistakable right to control Mr. Mykhailyna's

work exceeds what other courts have found sufficient to show that an agent is subject to

control. *Cf. Cleveland*, 448 F.3d at 522 (holding plaintiff stated FHA vicarious liability

claim because contract required agent to "perform all reasonable services requested by

[principal] in regards to operating, maintaining, servicing and leasing the property").

In sum, the facts show that Mr. Mykhailyna prepared the appraisal as Solidifi's

agent. This conclusion is consistent with the FHA's implementing regulations, which

provide that an agent "includes any person authorized to perform an action on behalf of

another person regarding . . . any residential real estate-related transactions." 24 C.F.R.

§ 100.20.

Furthermore, because Mr. Mykhailyna acted as an agent of Solidifi and his acts

that violated 42 U.S.C. § 3605 were taken within the scope of the assignment that

Solidifi authorized him to carry out, Solidifi is vicariously liable. Agency principles

"ordinarily make principals . . . vicariously liable for acts of their agents . . . in the scope

of their authority." *Meyer*, 537 U.S. at 285 (discussing FHA liability); *accord* 24 C.F.R.

§ 100.7(b). As Solidifi's agent, Mr. Mykhailyna was given authority to complete the

Subject Appraisal, subject to Solidifi's right to review and require changes. ECF No. 1

¶¶ 44, 49. He had the authority to select comparable sales, make adjustments,

complete other aspects of the appraisal, and chose a valuation for the property. *Id*.

¶¶ 39-41. Thus, Mr. Mykhailyna acted within the scope of his authority when he

undervalued Ms. Cheroutes's home because of her race, and Solidifi is vicariously liable

for his actions.[2] *Cf. City of Chicago v. Matchmaker Real Est. Sales Ctr. Inc.*, 982 F.2d

1086, 1096 n.12 (7th Cir. 1992) (holding racially discriminatory actions to be within

scope of agent's authority); *Sanders v. Dorris*, 873 F.2d 938, 944 (6th Cir. 1989)

(similar); *Pirtle v. Allsup's Convenience Store, Inc.*, No. CIV-02-509 JP/JHG, 2003 WL

27385258, at *5 (D.N.M. Apr. 2, 2003) (same).

### 2. Solidifi's arguments misconstrue traditional agency principles.

Solidifi argues that the Complaint does not plausibly allege that Mr. Mykhailyna

was its agent. But its arguments misconstrue traditional agency principles.

***First***, Solidifi argues that Mr. Mykhailyna was not an employee, and that a

principal has no liability for the work of an independent contractor. ECF No. 39 at 8-11.[3]

It cites authorities identifying factors that distinguish independent contractors from

employees. *See id.* at 10.

But as the Supreme Court has explained in the FHA context, vicarious liability is

---

[2] This conclusion is consistent with *ING Bank v. American Reporting Co.*, in which a plaintiff sued an appraiser and appraisal management company for torts committed by the appraiser. 843 F. Supp. 2d 491, 492, 495-96 (D. Del. 2012). The court denied the appraisal management company's motion for summary judgment on vicarious liability where the company "required [the appraiser] to perform the appraisal in a specific fashion, . . . worked with [the appraiser] from 2007 until 2009, and . . . was in the business of performing appraisals." *Id.* Similarly, Solidifi imposed extensive requirements regarding how Mr. Mykhailyna completed the appraisal, they had an ongoing relationship, and Solidifi was in the business of providing appraisal services. ECF No. 1 ¶¶ 42-45.

[3] Relatedly, Solidifi says that "Colorado law dictates that the appraiser is not an agent . . . . but is instead an independent contractor." ECF No. 39 at 8. But agency is a question of federal, not state, law here. *See Pelfrey*, 2019 WL 2110582, at *3. And, as explained below, "an independent contractor can be an agent." *1-800 Contacts*, 722 F.3d at 1251.

11

not limited to employees: "traditional vicarious liability rules ordinarily make principals or

employers vicariously liable for acts of their *agents or employees* in the scope of their

*authority or employment*." *Meyer*, 537 U.S. at 285 (emphasis added). The FHA's

implementing regulations similarly clarify that vicarious liability extends to non-employee

agents, stating that "[a] person is vicariously liable for a discriminatory housing practice

by the person's *agent or employee*, regardless of whether the person knew or should

have known of the conduct that resulted in a discriminatory housing practice, consistent

with agency law." 24 C.F.R. § 100.7(b) (emphasis added). And they further provide that

an agent "includes any person authorized to perform an action on behalf of another

person regarding . . . any residential real estate-related transactions." *Id.* § 100.20.

Traditional principles of agency law refute Solidifi's suggestion that independent

contractors are not agents. "An independent contractor . . . may or may not be an

agent." Restatement (Second) of Agency § 2(3); *accord 1-800 Contacts*, 722 F.3d at

1251. "One who contracts to act on behalf of another and subject to the other's control

except with respect to his physical conduct is an agent and also an independent

contractor." Restatement (Second) of Agency § 14N; *see id.* § 14N cmt. a ("[M]ost . . .

agents . . . are independent contractors . . . ."). And a non-employee agent can subject

his principal to liability.[4] *See id.* § 2 cmt. b, §§ 215, 216; *cf. 1-800 Contacts*, 722 F.3d at

1251. A principal thus can be liable for its agent's FHA violations even absent an

---

[4] In some circumstances, a principal is liable for the *physical* torts of an employee but
not those of an independent contractor. *See* Restatement (Second) of Agency § 1 cmt.
e. But this distinction is immaterial because the FHA violations were not physical acts.

employment relationship. *Cf. Cabrera v. Jakabovitz*, 24 F.3d 372, 387 (2d Cir. 1994)

(holding company liable for FHA violation by employees of separate company based on

agency relationship between companies).[5]

 **Second**, Solidifi argues that it cannot be liable for the work of an appraiser

because appraisers exercise discretion in how they carry out appraisals, and Solidifi

does not control the precise manner and means by which they complete this task. ECF

No. 39 at 9-10, 13-15. But Solidifi's arguments rely, again, on inapposite cases that

define employees—not *agents*. *See, e.g.*, *id.* at 10.

 That an appraiser retains some discretion does not show that the appraiser

cannot be acting as an agent of another. An agent may be acting within the scope of

authority even if the principal does not supervise every act. *Cf. Ackerman*, 831 F.3d at

1301 ("[A] principal may delegate general authority to his or her agent to act in the

ordinary course, without constant supervision or awareness of every discrete act.")

(citing Restatement (Second) of Agency § 7 cmt. c). A principal "need not [have] control

over the manner and means of the agent's performance of work; that higher level of

control is necessary only to establish an employee relationship." *Alfaro-Huitron*, 982

F.3d at 1254. As explained above, Solidifi's right to control Mr. Mykhailyna's work was

---

[5] Solidifi also suggests that it cannot be liable because it did not grant Mr. Mykhailyna authority to bind Solidifi. ECF No. 39 at 9-10, 15. But under traditional agency principles, once an agency relationship exists, the agent has the power to subject the principal to liability. *See* Restatement (Second) of Agency § 12 & cmt. a. Regardless of whether Mr. Mykhailyna had authority to enter into a contract binding Solidifi, he had authority to take acts—conducting the appraisal—that could subject Solidifi to liability.

sufficient to make him an agent.

**Third**, Solidifi cites its agreement with Mr. Mykhailyna, which states he is not an

agent. ECF No. 39 at 9. But when other indicia of agency exist, a principal cannot avoid

vicarious liability through an agreement disavowing an agency relationship. *See*

Restatement (Second) of Agency § 13 cmt. c ("The name which the parties give to the

relation is not determinative."); *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1212 (10th

Cir. 2022) (similar). Solidifi additionally argues that Mr. Mykhailyna cannot be an agent

because he was paid a fixed amount per appraisal. ECF No. 39 at 12-13. But agency

does not depend on the form of payment. *Cf. Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th

Cir. 1999) (holding principal could be liable under FHA for acts of unpaid agent).

**Fourth**, Solidifi asserts that it cannot be liable because appraisal independence

statutes prohibit the type of control necessary for an agency relationship. ECF No. 39 at

1-2, 11-12, 15. But the provisions Solidifi cites limit only a narrow type of control over

appraisers—efforts to influence the appraiser's valuation. *See* 15 U.S.C. § 1639e(b)(1),

(3); Colo. Rev. Stat. § 12-10-614(1)(c). They do not require appraisal management

companies to accept discriminatory appraisals without question; in fact, they set forth

options for companies to remedy such discrimination. *See* 15 U.S.C. § 1639e(c); Colo.

Rev. Stat. § 12-10-614(1)(c). Even Solidifi admits it could "require changes to be made"

if the appraisal violated Solidifi's standards or any source of law. ECF No. 39 at 13 n.4.

And these appraisal independence statutes do not alter traditional principles of

agency law. *Cf. Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1240 (11th

Cir. 2014) (doctors can be agents despite "obligation to maintain control of their medical judgment"); Deborah A. DeMott, *The Lawyer As Agent*, 67 Fordham L. Rev. 301, 305 (1998) (lawyers, securities brokers, and real estate agents are agents even though they "act on behalf of clients subject to significant regulatory and legal constraints").

Solidifi's remaining arguments are based not on the Restatement or on other sources of traditional agency principles but on inapposite, factually dissimilar cases concerning state[6] or employment[7] law. None of the cases cited in its vicarious liability argument involve an appraisal management company or the FHA. ECF No. 39 at 7-15.

## CONCLUSION

As alleged, Solidifi bargained for and retained the right to own and control the Subject Appraisal. The Complaint's extensive allegations plausibly show that the elements of an agency relationship between Solidifi and Mr. Mykhailyna are met under traditional agency principles, defeating Solidifi's arguments. Solidifi should not be allowed to disown its responsibility. For the reasons given above, the United States respectfully requests that the Court deny Solidifi's Motion to Dismiss, ECF No. 39.

---

[6] *See Courtney ex rel. Courtney v. Class Transp., Inc.*, Civil Action No. 18-cv-02335-RBJ, 2021 WL 119331, at *12 (D. Colo. Jan. 13, 2021) (state law doctrine of respondeat superior); *Powell v. City & Cnty. of Denver*, 973 F. Supp. 1198, 1201-02 (D. Colo. 1997) (same); *Weed v. Pueblo*, 591 P.2d 80, 82 (Colo. 1979) (applicability of Colorado sales tax exemption); *Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Off.*, 859 P.2d 278, 281 (Colo. App. 1993) (employment status under Colorado Employment Security Act).

[7] *See Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1027-28 (10th Cir. 1996) (employment status under Title VII); *Dole v. Snell*, 875 F.2d 802, 803 (10th Cir. 1989) (employment status under Fair Labor Standards Act); *Cont'l Bus Sys., Inc. v. NLRB*, 325 F.2d 267, 268 (10th Cir. 1963) (employment status under National Labor Relations Act).

Dated January 17, 2025.

MATTHEW T. KIRSCH
United States Attorney


s/ Alicia Alvero Koski
**Alicia Alvero Koski**
**Zeyen J. Wu**
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Email: alicia.alvero.koski@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


s/ Nathan Shulock
CARRIE PAGNUCCO
Chief
TIMOTHY J. MORAN
Deputy Chief
**Nathan Shulock**
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Telephone: (202) 598-3254
Email: nathan.shulock@usdoj.gov

Attorneys for Plaintiff
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system.


s/ Nathan Shulock
**Nathan Shulock**
Attorney for Plaintiff