IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

## REPLY TO DEFENDANT ROCKET'S OPPOSITION TO MOTION TO INTERVENE

Proposed Intervening Plaintiff, Francesca Cheroutes, by and through her counsel, Mari Newman, Andy McNulty, and Madeline Leibin of NEWMAN | MCNULTY, LLC, replies to the Opposition [ECF #30] to her Motion to Intervene [ECF #19], filed by Defendant Rocket Mortgage, LLC ("Rocket"), as follows:

### INTRODUCTION

Francesca Cheroutes is entitled to intervene in this action under Rule 24(a)(1), on the basis of her "unconditional right to intervene by a federal statute," the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619. As the FHA clearly dictates, "[a]ny aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action." *Id.* at § 3612(o)(2). Ms. Cheroutes is the Black homeowner — the "[a]ggrieved person," *id.* at § 3602(i) — harmed by discrimination and retaliation by Defendant Rocket.

1

Ms. Cheroutes' intervention is not futile. The FHA discrimination and retaliation claims pled by the United States and incorporated by Ms. Cheroutes in her Proposed Intervening Complaint [ECF #19-1] are meritorious. So, too, are Ms. Cheroutes' separate Section 1981 claims against Defendant Rocket.

For these reasons, this Court should grant Ms. Cheroutes' Motion to Intervene [ECF #19] and accept her Proposed Intervening Complaint [ECF #19-1] for filing.

## **FACTUAL BACKGROUND**

Ms. Cheroutes was subjected to a discriminatory appraisal of the value of her home for purposes of refinancing, because she is Black. *See* [ECF #1] ¶¶ 2-8, 23-34, 42-135; *see also* [ECF #19-1] ¶ 1, 9-19, 21-26. The discriminatory appraisal was conducted for and at the request of Defendant Rocket. *See* [ECF #1] ¶¶ 147-49. The Proposed Intervening Complaint pled that Defendant Rocket violated the FHA and Section 1981 because, like the other Defendants, Defendant Rocket:

- "had, and breached, [its] independent duty to act in accordance with federal law prohibiting discrimination in a real estate transaction, discrimination in the making and enforcement of contracts, and retaliation for a person's good faith objection to discrimination," ECF [#19-1] ¶ 10; and

- "intentionally discriminated against Ms. Cheroutes in a real estate transaction and in the making and enforcing of contracts by discriminatorily undervaluing Ms. Cheroutes' property, generating and offering her less favorable loan estimate terms, and cancelling her loan application, because she is Black." *Id.* at ¶ 11.

2

In addition to the allegations pled against all Defendants which likewise apply to Defendant Rocket, Ms. Cheroutes also pled the following facts concerning Defendant Rocket's liability specifically:

- "Defendant Rocket is a third-party beneficiary with the authority to enforce the terms of that contract directly with Defendant Mykhailyna and Maverick." *Id.* at ¶ 9.

- "Defendant Rocket is and was aware that federal law, including but not limited to law regarding appraisal independence, does not prohibit requests for confirmation and/or corrections to an appraisal, the use of a second appraisal, and/or the reliance on additional comparable properties." *Id.* at ¶ 16.

- "Even after it was specifically made aware that Defendants Mykhailyna, Maverick, and Solidifi had engaged in discrimination by undervaluing Ms. Cheroutes' property because she is Black, Defendant Rocket refused to confirm and/or correct the appraisal, use a second appraisal, and/or rely on additional comparable properties, or otherwise utilize a non-discriminatory appraisal to process Ms. Cheroutes' loan." *Id.* at ¶ 18.

- Defendant Rocket is and was aware of its legal obligation not . . . to retaliate against a person for expressing a good faith belief that they had received a discriminatory appraisal." *Id.* at ¶ 17.

- "[I]n response to Ms. Cheroutes' good faith report of discrimination, Defendant Rocket intentionally retaliated against Ms. Cheroutes for her protected opposition to discrimination in a real estate related transaction and in her right to contract in the same manner as white persons by cancelling her loan application." *Id.* at ¶ 19;

3

- "Defendant Rocket intentionally and retaliatorily generated and offered Ms. Cheroutes less favorable loan estimate terms and cancelled her loan application because she spoke out about her concerns . . ." *Id.* at ¶ 12; *see also id.* at ¶¶ 1, 15.

Furthermore, in the Proposed Intervening Complaint section detailing the particular injuries suffered by Ms. Cheroutes and the need for punitive/exemplary damages, Ms. Cheroutes described how Defendant Rocket, in particular, caused her harm. *See id.* at ¶¶ 22-24; *id*. at ¶ 25 (stating, instead of taking corrective actions, Defendant Rocket subjected Ms. Cheroutes to "numerous dismissals and [a] gaslighting directive to revictimize herself.").

## ARGUMENT

### I. Ms. Cheroutes is entitled to intervene in this action as of right.

Ms. Cheroutes is entitled to intervene in this action on the basis of her "unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The FHA clearly states that "[a]ny aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action." 42 U.S.C. § 3612(o)(2). Ms. Cheroutes is the "[a]ggrieved person" who the United States "claims to have been injured by a discriminatory housing practice" by Defendant Rocket. *Id.* at § 3602(i). Therefore, she is entitled to intervene. *See United States v. California Mobile Home Park Mgt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) (reversing denial of motion to intervene because the FHA allows the moving party to intervene as a matter of right); *Loring v. United States*, No. CIV 18-4034, 2020 U.S. Dist. LEXIS 46027, at *6 (D.S.D. Mar. 17, 2020); *United States v. Glenwood Mgmt.*, No. 19-CV-1596 (AJN), 2019 U.S. Dist. LEXIS 250951, at *3 (S.D.N.Y. Apr. 30, 2019); *United States v. Henry*, 519 F. Supp. 2d 618, 621 (E.D. Va. 2007); *United States v. Rapp*, No. 4:04CV01290-WRW, 2005 U.S.

4

Dist. LEXIS 55353, at *3 (E.D. Ark. Oct. 7, 2005); *United States v. Country Club Garden Owners Ass'n, Inc.*, 159 F.R.D. 400, 402-03 (E.D.N.Y. 1995).

## II. Ms. Cheroutes' interests are not identical to the United States' interests.

As an initial matter, Defendant Rocket's erroneous assertion that Ms. Cheroutes has the same interests as the United States because they make the same allegations and rest on the same legally theories, [ECF #30] at 2-3, is not only incorrect, but also irrelevant. Ms. Cheroutes has an "unconditional right to intervene by a federal statute" under Rule 24(a)(1), so she need not show a distinct interest which makes her "so situated that disposing of th[is] action may as a practical matter impair or impede [her] ability to protect [her] interest," under Rule 24(a)(2).

Still, Ms. Cheroutes can easily make the mere "minimal showing to establish that [her] interests are not adequately represented by existing parties." *San Juan Cty. v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (quoting Fed. R. Civ. P. 24(a)(2)). Even when interests are aligned, representation is not adequate unless "the objective of the applicant for intervention is *identical* to that of one of the parties." *Bottoms v. Dresser Indus.,* 797 F.2d 869, 872 (10th Cir. 1986) (emphasis added); *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197, 142 S. Ct. 2191, 213 L. Ed. 2d 517 (2022) (defining "identical" in this context as "interests overlap[ping] fully"). Clearly, Ms. Cheroutes' unique experience as the person who was subjected to discrimination and retaliation by Defendant Rocket, and corresponding interest in a meaningful remedy, does not "overlap fully," *id.*, with the United States' broad public policy commitment to enforce the FHA for homeowners across the country. *See Kane Cty. v. United States*, 94 F.4th 1017, 1030 (10th Cir. 2024) ("the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor") (quoting *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001); *see also Clinton*, 255 F.3d at 1255-

56 ("the government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation"); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1112 (10th Cir. 2002) ("the government's prospective task of protecting not only the interest of the public but also the private interest of the petitioners in intervention is on its face impossible and creates the kind of conflict that satisfies the minimal burden of showing inadequacy of representation").

First, as discussed more fully below, Ms. Cheroutes has asserted legal claims that were not pled by the government. Next, Ms. Cheroutes' Proposed Intervening Complaint includes factual allegations that are not pled by the United States — including, for example, details regarding her significant emotional distress caused by Defendant Rocket. *See* [ECF #1] ¶¶ 20-22, 25-26. Further, Ms. Cheroutes also seeks relief beyond that requested by the government. *See id.* at ¶ 29, and 12. To that end, neither her interests nor her objectives are identical to those of United States. *Cf.* [ECF #30] at 3. For these reasons, Ms. Cheroutes is entitled to intervene under Rule 24(a)(2) as well as under Rule 24(a)(1).

**III.   Ms. Cheroutes' intervention is not futile.**

"When determining whether an intervenor-applicant's proposed claims are futile, a court must review the application on the proposed pleadings to determine whether the allegations in those proposed pleadings state legally sufficient claims or defenses." *Haddley v. Isanti Cty.*, No. 15-cv-2106 (DWF/LIB), 2015 U.S. Dist. LEXIS 198182, at *30 (D. Minn. Nov. 18, 2015) (citing *Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd.*, 840 F.2d 72, 75, 268 U.S. App. D.C. 192 (D.C. Cir. 1988)). The Proposed Intervening Complaint states legally sufficient FHA and Section 1981 claims against Defendant Rocket, thus Ms. Cheroutes' intervention is not futile.

6

### A. Ms. Cheroutes' FHA claims are legally sufficient.

The United States has soundly rebutted Defendant Rocket's misplaced futility arguments regarding its claims brought under the FHA. *See generally* [ECF #50]. As Defendant Rocket notes, [ECF #30] at 2, Ms. Cheroutes incorporated the United States' FHA claims in her Proposed Intervening Complaint, including the United States' allegations that Defendant Rocket discriminated against Ms. Cheroutes in that it "was legally required to utilize a non-discriminatory appraisal, but refused to do so" and retaliated against her by cancelling her loan application because she reported the discriminatory appraisal. [ECF #19-1] ¶¶ 24, 19; *see generally id.* at ¶ 8 (incorporating the United States' allegations regarding Defendants' discrimination and retaliation in their entirety). Just as Ms. Cheroutes incorporated those allegations in her Proposed Intervening Complaint, so too does she incorporate into this pleading the United States' Response to Defendant Rocket's Motion to Dismiss. *See* [ECF #50], incorporated herein by reference.

As to the FHA discrimination claim, the United States explained, "[t]he FHA's implementing regulations make clear that a lender violates [42 U.S.C. § 3605(a)] by using an appraisal it 'knows or reasonably should know' is discriminatory to set the terms of or deny a loan." *Id.* at 1-2 (citing 24 C.F.R. § 100.135(d)(1)). Both the United States' Complaint and Ms. Cheroutes' Proposed Intervening Complaint pled that Defendant Rocket knew about the discriminatory appraisal of Ms. Cheroutes' home, because "Ms. Cheroutes expressed her opposition to the discriminatory appraisal," [ECF #19-1] ¶ 1; *see also id.* at ¶ 15 ("Ms. Cheroutes directly contacted Rocket and reported the discriminatory appraisal of her property, putting Defendant Rocket on notice of her good faith belief that she had been subjected to race discrimination in the valuation of her property . . ."). In fact, Ms. Cheroutes "told five different representatives that she believed the Subject Appraisal was discriminatory, and gave information

7

in support." [ECF #50] at 4 (citing [ECF #1] ¶¶ 113-17, 124-27). Still, Defendant Rocket used the discriminatory appraisal. [ECF #19-1] ¶¶ 18, 24-25.

Contrary to its assertions, Defendant Rocket had both the authority and the legal obligation to correct or not use the discriminatory appraisal. As the United States clarifies, the relevant statute plainly states that "a lender does not violate appraisal independence by 'asking an appraiser to . . . [c]onsider additional, appropriate property information . . . [;] [p]rovide further detail, substantiation, or explanation for the appraiser's value conclusion [;] [or] *correct errors* in the appraisal report." *Id.* at 12 (emphasis in original) (citing 15 U.S.C. § 1639e(c)). Defendant Rocket could and should have taken those actions, but refused to do so. Instead, it knowingly relied on the discriminatory appraisal, thereby violating 42 U.S.C. § 3605(a).

In addition, Defendant Rocket retaliated against Ms. Cheroutes "by generating and offering her less favorable loan estimate terms and cancelling her loan application" because she expressed her good faith belief that the appraisal was discriminatory, thereby violating 42 U.S.C. § 3617. [ECF #19-1] ¶ 22; *see also id.* at ¶¶ 19, 37; [ECF #50] at 5-6, 13-14. The general appraisal independence principles that Defendant Rocket clings to — which, again, are unavailing as to its violation of 42 U.S.C. § 3605(a) — have nothing to do with its distinct retaliation against Ms. Cheroutes in violation of 42 U.S.C. § 3617. Defendant Rocket's independent cancellation of her loan, in company with its "numerous dismissals and gaslighting directive to revictimize herself" clearly constitute legally sufficient grounds for a retaliation claim. [ECF #19-1] ¶ 25. Further, those actions contributed to Ms. Cheroutes' injuries — especially her sense of powerlessness, *see id.* at ¶ 26, as well as the ultimate scourge of racism in appraisals across the country, grounding a need for punitive/exemplary damages in this case. *See id.* at ¶ 27. The Proposed Intervening Complaint's unique demand for that broader relief further demonstrates that Ms. Cheroutes' intervention is not

8

futile. *See Greens at Chester, LLC v. Town of Chester*, No. 19-CV-6770 (PMH), 2020 U.S. Dist. LEXIS 81551, at *19 (S.D.N.Y. May 8, 2020) (holding that intervention in an FHA action is not futile where the proposed intervenor, the New York Attorney General, sought relief "unique and more expansive than" the original Plaintiff's sought relief).

      **B.**      **Ms. Cheroutes' Section 1981 claims are legally sufficient.**

Ms. Cheroutes' Section 1981 claims, which were not pled by the United States, are not futile for the same reasons outlined above. Moreover, contrary to Defendant Rocket's assertions, *see* [ECF #30] at 3, Ms. Cheroutes has sufficiently pled that Defendant Rocket acted with discriminatory intent. "A plaintiff alleging discrimination on the basis of race may prove intentional discrimination through either direct . . . or indirect (i.e., circumstantial) evidence of discrimination." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). "[W]here the plaintiff attempts to show intentional discrimination by indirect evidence, the court must employ the burden-shifting framework first articulated in the seminal case of *McDonnell Douglas*." *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1107 (10th Cir. 2001) (internal citation omitted). "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). While the framework is useful for judges in resolving motions to dismiss, the plaintiff is not required to allege a prima facie case. *See Morman v. Campbell Cty. Mem'l Hosp*., 632 F. App'x 927, 933 (10th Cir. 2015).

The Proposed Intervening Complaint sufficiently alleged that Defendant Rocket intentionally discriminated against Ms. Cheroutes. Among other allegations, it detailed that Defendant Rocket outright refused to utilize a non-discriminatory appraisal, despite Ms. Cheroutes' pleas, *see* [ECF #19-1] ¶ 15, and in contravention of its legal obligation not to rely

9

upon a discriminatory appraisal, *see id.* at ¶ 17. The Proposed Intervening Complaint further sufficiently alleged that Defendant Rocket engaged in illegal retaliation when it intentionally cancelled her loan application because Ms. Cheroutes reported the discriminatory appraisal. *See* [ECF #19-1] ¶¶ 24, 19. Where Ms. Cheroutes has alleged that Defendant Rocket "purposefully discriminated against [her] on the basis of race, by contracting with her on terms and conditions less favorable than similarly situated Caucasian borrowers . . . these allegations and the inferences raised by them sufficiently state a claim . . . for a violation of section 1981." *See Johnson v. Equicredit Corp. of Am.*, 01 C 5197, 2002 U.S. Dist. LEXIS 4817, at *15 (N.D. Ill. Mar. 21, 2002). Ms. Cheroutes has certainly done so.

## CONCLUSION

For the foregoing reasons, Ms. Cheroutes respectfully requests that the Court grant her motion for intervention [ECF #19] and accepts her Proposed Intervening Complaint [ECF #19-1] for filing.

Respectfully submitted this 23rd day of January 2025.

                                                NEWMAN | MCNULTY, LLC

                                                *s/ Mari Newman*
                                                Mari Newman
                                                Madeline Leibin
                                                Andy McNulty
                                                1490 N. Lafayette Street Suite 304
                                                Denver, CO 80218
                                                (720) 850 - 5770
                                                mari@newman-mcnulty.com
                                                madeline@newman-mcnulty.com
                                                andy@newman-mcnulty.com

                                                ATTORNEYS FOR FRANCESCA CHEROUTES

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties who have entered their appearances in this matter.

      NEWMAN | MCNULTY, LLC

      *s/ Mari Newman*
      Mari Newman