IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civ. A. No. 1:24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROCKET MORTGAGE, LLC,
SOLIDIFI U.S. INC.,
MAKSYM MYKHAILYNA, and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

**DEFENDANTS ROCKET MORTGAGE, LLC AND SOLIDIFI U.S. INC.'S
MOTION TO STAY DISCOVERY**

Defendants Rocket Mortgage, LLC and Solidifi U.S. Inc. respectfully move this Court for a stay of discovery pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 26(c) pending resolution of (i) their motions to dismiss the Complaint (ECF Nos. 28, 39) and (ii) Francesca Cheroutes's motion to intervene (ECF No. 19).

## BACKGROUND

This action follows a U.S. Department of Housing and Urban Development (HUD) investigation conducted in response to Francesca Cheroutes's allegations of a discriminatory property appraisal rendered by an independent, third-party appraiser (Defendant Maksym Mykhailyna) in connection with a mortgage-loan refinance she sought with Rocket Mortgage. Compl. ¶ 139.

After completing its investigation, the government filed this case against the appraiser, his company (Maverick Appraisal Group), the appraisal-management

1

company Rocket Mortgage retained to engage the appraiser (Solidifi), and Rocket Mortgage on October 21, 2024. Cheroutes moved to intervene as a Plaintiff on November 21, 2024. *See* ECF No. 19.

Rocket Mortgage timely moved to dismiss the complaint on December 4, 2024, and opposed Cheroutes's motion to intervene on December 12, 2024. *See* ECF Nos. 28, 30. Solidifi separately opposed the motion to intervene on December 12, 2024 and timely moved to dismiss the complaint on December 20, 2024. *See* ECF Nos. 31, 39. Both of the motions to dismiss and the motion for intervention are fully briefed.

Rocket Mortgage and Solidifi's dismissal arguments are well-founded and demonstrates that the government's claims must be dismissed as a matter of law. The government's case against Rocket Mortgage boils down to its allegation that Rocket Mortgage "had the authority to correct" the independent third-party appraiser's valuation (Compl. ¶ 149). But the government's own regulations say otherwise and prohibit "direct and indirect attempts" by lenders to cause appraisals to be "based on any factor other than [the appraiser's] independent judgment." 12 C.F.R. § 1026.42(c)(1); *see* ECF No. 28 at 2–3, 7–9. The government's case against Solidifi similarly rests on the theory that Solidifi exercised control over the independent judgment and valuation determination of the appraiser. *See* ECF No. 56 at 8. But federal and state law prevent an appraisal management company like Solidifi from exercising such control over the specific act alleged to be racial discrimination—the appraiser's independent judgment and valuation of Cheroutes's property. *See* ECF No. 39 at 11–12; ECF No. 61 at 3–4. The motions to dismiss also test whether the government can proceed on discrimination claims against Rocket Mortgage and Solidifi without pleading discriminatory intent—an essential

2

element of its claims—as to either of them. *See*, *e.g.*, ECF No. 60, *passim*.

The government's initiation of this action in contravention of its own appraiser-independence regulations also compelled Rocket Mortgage to file its own lawsuit against HUD, seeking a declaratory judgment. *See Rocket Mortg., LLC v. U.S. Dep't of Hous. & Urban Dev.*, No. 24-3368, ECF No. 1 (D. Colo. filed Dec. 4, 2024). The complaint there alleges that the government's claims "put Rocket Mortgage between the proverbial 'rock and a hard place'":

> If it takes action with an appraiser regarding an allegedly discriminatory appraisal, then it faces the prospect of a government enforcement action or private lawsuit alleging violations of statutory appraiser independence requirements. But if it complies with those independence requirements by not taking action to "directly or indirectly" attempt to influence the "independent judgment" of a third-party appraiser, then it faces the prospect of government enforcement actions and private lawsuits for alleged violations of the FHA. This reality of the government's inconsistent and conflicting approach requires judicial intervention.

*Id*. ¶ 3.

Against this background, the government now seeks to force Rocket Mortgage and Solidifi to devote substantial time and resource to responding to voluminous, wide-ranging and otherwise improper discovery. In so doing, however, the government ignores that Rocket Mortgage, Solidifi, and the appraiser and his company (and potentially other third-partes) already produced significant discovery to the government about the challenged appraisal and Cheroutes's loan application during the HUD investigation. For example, the Defendants produced multiple sets of written discovery responses, an array of documented policies and procedures, and their files on the challenged appraisal and Cheroutes's mortgage loan application. The government had all of these materials well in advance of its preparation and filing of the complaint. Where the government already has substantial discovery about matters at issue and the pending motions will determine not

3

only whether the government has stated a cognizable claim against Rocket Mortgage and Solidifi (which it has not), but also who the actual parties to the action are, Defendants respectfully submit that considerations of "the needs of the case" and "the just, speedy, and inexpensive determination of every action" (FED. R. CIV. P. 1, 26(b)(1)) counsel in favor of staying further discovery until the pending motions are decided.

## ARGUMENT

The Court enjoys broad discretion to stay proceedings as part of its authority to control its own docket. *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015); *Vreeland v. Vigil*, 2019 WL 2229718, at *2 (D. Colo. May 23, 2019); *see also* FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, . . . oppression, or undue burden or expense. . . ."). As this Court has noted, "A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Robinson v. Oil Shale Corp.*, 2017 WL 11488719, at *1 (D. Colo. Oct. 25, 2017) (Gallagher, J.). The Court considers the following five factors in determining whether to exercise this broad discretion:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

4

Applying these eponymous "*String Cheese* factors," this Court and others in the District have regularly found that "[s]taying discovery until the Court resolves a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Robinson*, 2017 WL 11488719, at *2.[1] For that reason, the balance of the *String Cheese* factors weigh strongly in favor of a stay here.

**1.** ***Plaintiff's interest in proceeding expeditiously.*** — The government's professed interest in conducting discovery now is highly attenuated in this case due to the significant discovery it already obtained and its own delay in filing this suit. As set forth above, this matter arises from a 2021 HUD investigation in which Defendants (and, potentially, third parties) produced extensive discovery material. The government has already had the benefit of the HUD investigation discovery, and has already received multiple sets of written discovery responses and all of the key documents from Defendants, such as their files on the subject appraisal and Cheroutes's mortgage loan application. The government has no immediate need for more. *See*, *e.g.*, *Chrysler Cap.l Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting temporary stay of discovery pending decision on motion to dismiss where "[p]laintiffs already have

---

[1] *Accord*, *e.g.*, *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015) (stay appropriate where "resolution of a preliminary motion may dispose of the entire action"); *Colorado Dep't of Pub. Health & Env't, Hazardous Materials & Waste Mgmt. Div. v. United States*, 2021 WL 5770228, at *4 (D. Colo. Dec. 6, 2021) ("the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motion to Dismiss"); *Karsten v. Camacho, P.A.*, 2013 WL 5548327,, at *2 (D. Colo. Oct. 8, 2013) ("Neither [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citing *Harris v. United States*, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010)).

access to extensive discovery material as a result of [other] proceedings"). It is not even clear what other written or documentary discovery could be relevant. Further, HUD commenced this investigation in June 2021 but waited until October 2024 to file this case. Compl. ¶¶ 137-39. The government cannot claim any urgent need to move the case along now when it saw no urgent need to move the case along *until* now. Nor can it reasonably contend that staying discovery a few months while the court considers Defendants' motions would be prejudicial when it took nearly four years to bring this action. *See Personal Audio LLC v. Google, Inc.*, 2015 WL 12915558, at *2 (E.D. Tex. Nov. 3, 2015) (plaintiff's "delay in filing suit suggests that it would not be prejudiced by a stay.").

**2. Burden on defendants.** — The second *String Cheese* factor weighs heavily in favor of a stay. This Court has previously held that "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *CSMN Invs., LLC v. Cordillera Metro. Dist.*, 2018 WL 10582184, at *1 (D. Colo. Feb. 3, 2018) (Gallagher, J.); *see also*, *e.g.*, *Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, 2020 WL 12675948, at *3 (D. Colo. Apr. 21, 2020) (Gallagher, J.) (finding that defendant "would be unduly burdened in proceeding with discovery should the District Court later grant [its] motion to dismiss"); *Kyle v. Rosales*, 2016 WL 308769, at *2 (D. Colo. Jan. 24, 2016) (Gallagher, J.) ("to proceed with discovery would be unduly burdensome on Defendants given the likelihood of a 12(b) resolution"). Other courts in this District have likewise reasoned:

> Defendants are correct that proceeding will be wasteful if the Motions to Dismiss are granted. Further, should any discovery disputes arise, the Court will have to expend its time and limited resources. If the Motions to Dismiss are resolved in favor of Defendants, the Court's expenditure would be for naught.

*Callies v. Lane*, 2013 WL 5781147, at *2 (D. Colo. Oct. 25, 2013).[2]

The burden on Defendants is especially unwarranted here. First, Defendants have already produced significant discovery. "[R]equiring Defendants to produce largely duplicative discovery . . . all while a potentially case-dispositive motion is pending, would impose a unique burden on Defendants." *Colorado Dep't of Pub. Health*, 2021 WL 5770228, at *3. Second, since Cheroutes's motion to intervene remains pending, it has yet to be determined who the parties to the case are that would be entitled to participate in discovery. This exposes Defendants to the unnecessary burdens and costs of potentially duplicative and overlapping discovery. For example, conducting depositions under these circumstances exposes Defendants (and Defendants' witnesses) to wasteful expense and burden of appearing multiple times if a late-intervening party who does not participate in any initial deposition insists on taking that deposition again or otherwise seeks to recall the witness.

Third, the government has confirmed that the discovery it intends to seek is extraordinarily burdensome. On February 12, 2025, it served broad discovery requests on Defendants going far beyond the scope of Cheroutes's claim, inquiring into

---

[2] *Accord*, *e.g.*, *Kramer v. Vigil*, 2013 WL 1828523, at *2 (D. Colo. Apr. 30, 2013) (same); *Aurora Bank FSB v. Network Mortg. Servs.*, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) ("proceeding [with discovery] will be wasteful if the Court grants [defendants'] Motion[s] to Dismiss"); *Atl. Richfield Co. v. NL Indus., Inc.*, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (second *String Cheese* factor weighed in favor of a stay where discovery "could be wasteful"); *Carriker v. City & Cnty. of Denver*, 2012 U.S. Dist. LEXIS 157518, at *4 (D. Colo. Nov. 2, 2012) (where "a favorable ruling on the Motion to Dismiss would dispose of all claims in this litigation" and "any discovery by the parties may be wasted effort if the case is dismissed," "[t]he Court agrees that proceeding with the discovery process under these circumstances presents a significant burden and finds that the second factor weighs in favor of granting a stay"); *Myers v. City of Loveland*, 2012 U.S. Dist. LEXIS 156055, at *4 (D. Colo. Oct. 31, 2012) (same).

Defendants' records and practices on a statewide and, in at least eight instances, on a *nationwide* basis. Indeed, by their terms, the government's improper discovery requests appear to require Defendants to analyze records on literally every appraisal they ever obtained in order to respond. For example, the government broadly demands an investigation into "any type of complaint regarding an appraisal obtained in connection with a mortgage loan application" nationwide, without limitation to location, appraiser, or the nature of the "complaint." Plaintiff's First Set of Interrogatories to Defendant Rocket Mortgage, LLC (Feb. 12, 2025) (No. 8). Aside from the fact that these irrelevant, disproportional, overbroad and otherwise improper requests will trigger discovery disputes and threaten an unnecessary expenditure of judicial resources (*see infra*), responding and objecting to these discovery requests itself will an extremely costly, time consuming, and potentially wasteful undertaking.

Aside from the fact that responding and objecting to these irrelevant, disproportionate, overbroad and otherwise improper requests will be extremely costly, time consuming, and potentially wasteful, the requests are quite likely to trigger discovery disputes. These discovery disputes could well end up pointless in the face of Rocket Mortgage's and Solidifi's motions to dismiss, thus threatening an unnecessary expenditure of judicial resources (*see infra*)..

The government will likely insist that its claims are meritorious and discovery is therefore inevitable. Defendants, obviously, believe the contrary. But this Court "should not review the merits of a motion" to dismiss in evaluating a discovery stay, which "would essentially require adjudication of the dispositive motion . . . thus negating the entire purpose of the motion to stay." *Herman v. PBIA & Co.*, 2021 WL 5280487, at *2 (D. Colo.

June 10, 2021) (Gallagher, J.) (citing the need to "weigh the [*String Cheese*] factors" "without examining the contents of said motion"). Thus, for present purposes, it is enough that the Court may grant Defendants' well-founded motions to dismiss or deny Cheroutes's motion to intervene.

    **3. *Convenience to the Court.*** — This Court has previously recognized that "neither its nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending." *G.A. Resort Condo. Ass'n, Inc. v. ILG, LLC*, 2020 WL 12675948, at *3 (D. Colo. July 7, 2020) (Gallagher, J.); *see also*, *e.g.*, *Sports Rehab*, 2020 WL 12675948, at *3 (finding "the third factor" satisfied because "judicial efficiency would be served by first resolving the pending motions that may be dispositive"). If discovery were to proceed, disputes over the government's irrelevant, disproportional, overly broad and improper requests are inevitable. *See also Sidari v. Orleans Cnty.*, 180 F.R.D. 226, 237 (W.D.N.Y. 1997) ("plaintiff in this case is entitled only to discovery as to whether he has been discriminated against. . . . plaintiff cannot conduct an across-the-board attack on any and all alleged unequal employment practices by his employer."). Thus, this "third factor" also favors a stay here because "discovery disputes . . . will require resolution," which "is not a wise allocation of scant judicial resources" without "first resolving the pending motions that may be dispositive." *Herman*, 2021 WL 5280487, at *2;.[3]

---

[3] *Accord*, *e.g.*, *Callies*, *supra* (noting the prospect that "the Court will have to expend its time and limited resources" addressing "any discovery disputes" that may arise, "would be for naught"); *Estate of Thakuri v. City of Westminster*, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019) ("It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated.").

**4. *Interests of non-parties.*** — This fourth factor "bears no weight as there are no nonparties with significant particularized interests in the case." *Estate of George v. City of Rifle*, 2020 WL 13825346, at *3 (D. Colo. Nov. 6, 2020) (Gallagher, J.); *see also Quint v. Vail Resorts, Inc.*, 2021 WL 9079374, at *2 (D. Colo. Oct. 8, 2021) (Gallagher, J.) (same); *Herman v. PBIA & Co.*, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021) (Gallagher, J.) (same). The only conceivable such interests are nonparties who might be called for depositions (*see* Compl. ¶¶ 59, 62–67 (identifying Cheroutes's daughter and Mykhailyna's "prospective employee" as witnesses to the appraisal visit)), and their interests would not be served by getting deposed if the need for depositions is mooted by a dispositive Rule 12(b)(6) ruling.

**5. *Public interest.*** — Where "the public's only interest in this case is a general interest in its efficient and just resolution, [a]voiding wasteful efforts by the Court clearly serves this interest." *Burba v. United States*, 2020 WL 4207518, at *3 (D. Colo. July 22, 2020). The potentially unnecessary discovery would not be in the public interest. It does not change anything that the government is the party nominally bringing the suit. The government does not claim to be representing the public interest in doing so, as opposed merely to have determined "that reasonable cause existed to believe" that Cheroutes's personal, individual claims have merit. Compl. ¶ 139. And there is no basis for the Court to find that any interest of the government in maintaining this action for the benefit of Cheroutes trumps the public interest embodied in the government's appraiser-independence regulations, which may lead either to the dismissal of this action directly, or to a ruling in the *Rocket Mortgage v. HUD* action requiring the government to dismiss

10

this action. Accordingly, a stay during the pendency of Defendants' motions to dismiss will not burden any party and is in the interest of the parties, the Court, and the public.

## CONCLUSION

For the above stated reasons, Defendants respectfully request this Court enter an order staying discovery in this case pending resolution of their motions to dismiss and Cheroutes's motion to intervene.

## CERTIFICATION OF COMPLIANCE WITH D.C. COLO. L. CIV. R. 7.1(a)

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), the undersigned conferred with counsel for Plaintiff regarding the relief requested, and counsel for Plaintiff indicated non-consent to such relief.

Respectfully submitted this 14th day of February, 2025, by Defendants Rocket Mortgage, LLC and Solidifi U.S. Inc., through their attorneys,

| | /s/ *Brooks R. Brown* |
|---|---|
| Jacob Hollars | Brooks R. Brown |
| SPENCER FANE LLP | GOODWIN PROCTER LLP |
| 1700 Lincoln St., Ste. 2000 | 100 Northern Ave. |
| Denver, Colo. 80203 | Boston, Mass. 02210 |
| (303) 839-3707 | (617) 570-1000 |
| JHollars@spencerfane.com | bbrown@goodwinlaw.com |
| | |
| Jeffrey B. Morganroth | Keith Levenberg |
| MORGANROTH & MORGANROTH | Angelica Rankins |
| 344 N. Old Woodward Ave., Ste. 200 | GOODWIN PROCTER LLP |
| Birmingham, Mich. 48009 | 1900 N. St., N.W. |
| (248) 864-4000 | Washington, D.C. 20036 |
| jmorganroth@morganrothlaw.com | (202) 346-4000 |
| | klevenberg@goodwinlaw.com |
| | arankins@goodwinlaw.com |

*Attorneys for Defendant Rocket Mortgage, LLC*

| | |
|---|---|
| /s/ Christopher A. Riley<br>Christopher A. Riley<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>404-881-7000 (telephone)<br>404-881-7777 (facsimile)<br>chris.riley@alston.com | Michael J. Carrigan<br>Alexandria E. Pierce<br>HOLLAND & HART LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202-3921<br>Telephone: 303.295.8000<br>mcarrigan@hollandhart.com<br>aepierce@hollandhart.com |

*Attorneys for Defendant Solidifi U.S. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Brooks R. Brown
Brooks R. Brown
