**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

      Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL
AND PRO SE PARTIES**

    The Scheduling Conference was held on March 4, 2025.

---

For the United States, Plaintiff:

| | |
|---|---|
| Zeyen J. Wu | Nathan Shulock |
| U.S. Attorney's Office | Housing and Civil Enforcement |
| 1801 California Street, Suite 1600 | Section |
| Denver, CO 80202 | Civil Rights Division |
| Telephone: (303) 454-0100 | U.S. Department of Justice |
| | 150 M Street, N.E. |
| Alicia Alvero Koski | Washington, DC 20530 |
| U.S. Attorney's Office | Telephone: (202) 598-3254 |
| 1801 California Street, Suite 1600 | Email: nathan.shulock@usdoj.gov |
| Denver, CO 80202 | |
| Telephone: (303) 454-0100 | |

---

For Defendant Rocket Mortgage, LLC:

Brooks R. Brown
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
bbrown@goodwinlaw.com

Keith Levenberg
Angelica Rankins
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
klevenberg@goodwinlaw.com
arankins@goodwinlaw.com

Jeffrey B. Morganroth
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Ave., Suite 200
Birmingham, MI 48009
Telephone: (248) 864-4000
Facsimile: (248) 864-4001
jmorganroth@morganrothlaw.com

Jacob F. Hollars, #50352
SPENCER FANE, LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Phone: (303) 839-3707
Fax: (303) 839-3838
Email: jhollars@spencerfane.com

For Defendant Solidifi U.S. Inc.:

Christopher A. Riley
Georgia Bar No. 605634
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Fax: 404-881-7777
chris.riley@alston.com

Michael J. Carrigan
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
Email: mcarrigan@hollandhart.com

Alexandria E. Pierce
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
Email: aepierce@hollandhart.com

For Maksym Mykhailyna and Maverick
Appraisal Group Inc., Defendants:

Maria Temkin, Esq.

TEMKIN & ASSOCIATES, LLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 939-4181
Email: maria@temkinlegal.com

For Francesca Cheroutes, Proposed Intervenor:

Mari Newman
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Mari@Newman-McNulty.com

Madeline Leibin
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Madeline@Newman-McNulty.com

Andy McNulty
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Andy@Newman-McNulty.com

## 2. STATEMENT OF JURISDICTION

The United States is the plaintiff. This Court has jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiff's Statement

In January 2021, during a time of falling interest rates and rising home values in

the Denver area, Francesca Cheroutes sought to refinance the property she owns at

749-751 Ash Street, Denver, Colorado, 80220 ("Subject Property"), with Defendant

Rocket Mortgage, LLC ("Rocket Mortgage"). This required an appraisal. A previous

appraisal of the Subject Property, which had been completed less than a year before,

and also in connection with a mortgage from Rocket Mortgage, valued the Subject

Property at $860,000.

Rocket Mortgage contracted with Defendant Solidifi US Inc. ("Solidifi"), an

appraisal management company ("AMC"), to conduct an appraisal of the Subject

Property (the "Subject Appraisal"). Solidifi, which maintains a "panel" of appraisers that

it trains and approves to carry out appraisals in accordance with Solidifi's standards,

arranged for one of those appraisers, Defendants Maksym Mykhailyna, the Chief

Executive Officer of Defendant Maverick Appraisal Group Inc. ("Maverick"), to perform

the Subject Appraisal for Rocket Mortgage. Mr. Mykhailyna and Maverick completed the

Subject Appraisal and submitted it to Solidifi, which submitted it to Rocket Mortgage

pursuant to its contract.

In performing the Subject Appraisal, Mr. Mykhailyna and Maverick significantly

undervalued the Subject Property because of her race and color. Mr. Mykhailyna met

Ms. Cheroutes during the appraisal and knew that the Subject Property was occupied

by a Black family when he performed the appraisal. Ms. Cheroutes told Mr. Mykhailyna

about recent improvements to the Subject Property, including new gutters, new doors,

and updates to the kitchen and bathroom. Mr. Mykhailyna did not respond and did not

include this information in his report about the Subject Appraisal.

Mr. Mykhailyna appraised the Subject Property at $640,000, which was $220,000

lower than the appraisal completed less than a year earlier. Mr. Mykhailyna's appraisal

was also lower than the sales prices of all six comparable duplexes within a mile of the

Subject Property, which Mr. Mykhailyna's agreement with Solidifi directed him to

consider in the appraisal. Mr. Mykhailyna disregarded all but one of these comparables
and instead relied on sales of properties that were farther away and in neighborhoods
with greater concentrations of Black persons than the predominantly White
neighborhood where the Subject Property is located. Mr. Mykhailyna's approach
differed markedly from how he appraised a property of a White homeowner in Ms.
Cheroutes's neighborhood one month before the Subject Appraisal. The relevant facts
and circumstances demonstrate that Mr. Mykhailyna used faulty comparables and made
other inaccurate assumptions because Ms. Cheroutes was Black.

After Ms. Cheroutes received the Subject Appraisal, she contacted Rocket
Mortgage. Ms. Cheroutes informed Rocket that the Subject Appraisal was significantly
lower than the prior appraisal and explained why she believed the Subject Appraisal
was motivated by racial discrimination.

Despite being told this information, Rocket Mortgage insisted on using the
Subject Appraisal for the refinancing of the Subject Property. Rocket Mortgage told Ms.
Cheroutes that she could either proceed with the refinancing using the discriminatory
appraisal, or her refinancing application would be canceled. When Ms. Cheroutes
continued to request that the appraisal be changed or redone because it was
discriminatory, Rocket Mortgage canceled her refinancing application.

Based on the above, Mr. Mykhailyna violated the Fair Housing Act, 42 U.S.C.
§ 3605, when he intentionally valued the Subject Property substantially lower than it
was worth and did so because of Ms. Cheroutes's race. In the Subject Appraisal, Mr.
Mykhailyna violated several rules and best practices for appraisals. Mr. Mykhailyna

acted as an agent for both Maverick and Solidifi, and both are thus vicariously liable for Mr. Mykhailyna's violation of 42 U.S.C. § 3605. Rocket Mortgage was informed that the Subject Appraisal reflected discrimination based on race but nonetheless chose to rely on it in violation of § 3605. After Ms. Cheroutes complained about discrimination, Rocket Mortgage retaliated against her, in violation of 42 U.S.C. § 3617, by canceling her refinancing application.

### b. Defendant Solidifi's Statement

In October 2021, Ms. Cheroutes filed a complaint with the Department of Housing and Urban Development ("HUD"), alleging that her appraisal was discriminatory under the Fair Housing Act ("FHA"). In this lawsuit that followed three years later, the government alleges that the appraiser, the lender, and Solidifi have violated the FHA. Solidifi did not violate the FHA because Solidifi did not directly discriminate against Ms. Cheroutes, nor did it exercise the requisite control to be held vicariously liable for Mr. Mykhailyna's alleged actions.

Solidifi is an appraisal management company ("AMC"). As an AMC, Solidifi does not conduct appraisals. Instead, Solidifi fulfills a purely administrative function in the real estate process by acting as an intermediary between the lender and the appraiser. When a lender requests an appraisal, Solidifi engages a third-party appraiser to conduct the appraisal and the appraiser sends the completed appraisal report to Solidifi. Solidifi maintains a panel of appraisers and refers appraisal orders to individual panel appraisers based on a variety of selection criteria such as geography and experience. Once Solidifi receives the completed appraisal report, Solidifi conducts an internal review of the report

in accordance with the lender guidelines, and then sends the appraisal report to the lender.

The relationship between lenders, AMCs, and appraisers is governed by federal and state appraisal independence rules. State law prohibits AMCs from influencing or attempting to influence an appraisal in any manner or from altering or modifying a completed appraisal report without the appraiser's permission, except to modify the format for the client. *See* Colo. Rev. Stat. § 12-10-614(c); Colo. Rev. Stat. § 12-10-614(e). Federal law similarly restricts AMCs from seeking to influence appraisers or from causing an appraisal "to be based on any factor other than the independent judgment of a person that prepares valuations." See 15 U.S.C. § 1639e(b)(3); 12 C.F.R. § 1026.42(c)(1). In addition to the statutory framework governing appraiser independence, Solidifi and appraisers who work with Solidifi expressly disclaim any agency relationship. Appraisers are paid by the job and provide all of the instrumentalities required to conduct appraisals. Furthermore, Solidifi exercises no control over the opinion of value arrived at by the appraiser as stated in the appraisal report.

In this case, Rocket Mortgage contacted Solidifi on January 14, 2021 to request an appraisal for Ms. Cheroutes' property. Solidifi then engaged Mr. Mykhailyna to conduct the appraisal. Mr. Mykhailyna completed the appraisal and then submitted his appraisal report to Solidifi on January 21, 2021. Solidifi then sent the appraisal report to Rocket Mortgage. At no point during this process was Solidifi aware of Ms. Cheroutes' race, nor was Solidifi ever notified of any issues with the appraisal prior to the HUD investigation.

Solidifi is not liable for any alleged discrimination against Ms. Cheroutes. Solidifi cannot be held directly liable under the FHA because Solidifi did not know that Ms.

Cheroutes was Black, and thus could not have discriminated against her "because of" her race. Further, Solidifi is not vicariously liable for the alleged actions of Mr. Mykhailyna because appraisal independence requirements legally prohibit the level of control which is required to form an agency relationship. Even if the appraiser's "independent judgment" were not mandated by law, Mr. Mykhailyna does not conduct appraisals subject to Solidifi control.

Based on the pendency of Solidifi's Motion to Dismiss, the Complaint has not yet been answered and Solidifi has not asserted any affirmative defenses, or completed their investigation into the defenses available to it, at this time.

### c.    Defendant Rocket Mortgage's Statement

In January 2021, Francesca Cheroutes sought a refinancing from her loan servicer, Defendant Rocket Mortgage, for her residential property at 749–751 Ash Street, Denver, Colorado. To determine the property's value, Rocket Mortgage engaged a third-party appraisal-management company, Defendant Solidifi, to find an independent third-party appraiser to appraise the Subject Property. Defendant Mykhailyna visited the property and reported a final appraised value of $640,000. After receiving the appraisal, Cheroutes contacted Rocket Mortgage stating she believed the low appraisal was due to racial discrimination. A Rocket Mortgage team member informed Ms. Cheroutes how she could challenge the appraisal, including by providing alternative comparable properties for consideration. Cheroutes declined to do so. On January 26, 2021, Rocket Mortgage notified Cheroutes that Rocket Mortgage was not able to offer refinancing upon the same terms as initially contemplated due to the appraised value of the Subject Property. Cheroutes did not wish to pursue refinancing upon different terms.

The government's Complaint asserts that Rocket Mortgage violated the Fair Housing Act by (1) failing to "correct" independent, third-party appraiser's appraisal of the Cheroutes property so that she would qualify for the loan; and (2) retaliating against Cheroutes for engaging in a protected activity under 42 U.S.C. § 3605. Compl. ¶ 146-50. Rocket Mortgage has moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6), because Rocket Mortgage did not, as a matter of law, have the authority to "correct" the appraisal. Federal appraiser-independence laws and regulations expressly prohibit lenders from doing what the government contends Rocket Mortgage should have done here. Nor are there any factual allegations in the government's complaint pleading essential elements of their claims, such as discriminatory intent on the part of Rocket Mortgage.

Based on the pendency of Rocket Mortgage's Motion to Dismiss, the Complaint has not yet been answered and Rocket Mortgage has not asserted any affirmative defenses, or completed their investigation into the defenses available to it, at this time.

### d.    The Maverick Defendants' Statement

Defendants Maksym Mykhailyna, the Chief Executive Officer of Defendant Maverick Appraisal Group Inc. ("Maverick") (collectively, the "Maverick Defendants') performed the Subject Appraisal for Rocket Mortgage. The Maverick Defendants appraised the Subject Property at $640,000 which was a fair value of the Subject Property based on the objective factors. The Maverick Defendants properly chose six properties as comparables for the Appraisal as they closely reflected characteristic of the Subject Property and were in adjacent neighborhoods reflecting similar property locations, *i.e.* proximity to a main road. The Maverick Defendants believe that the Appraisal was proper

and consistent with the applicable professional appraisal standard and was in no way biased or inaccurate because of Ms. Cheroutes' race.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Defendant Maverick is an appraisal company incorporated in Colorado, with its principal place of business in Denver, Colorado.

2.      Defendant Mykhailyna was a licensed appraiser at all relevant times and is the owner and Chief Executive Officer of Maverick.

3.      Defendant Solidifi is an AMC incorporated in Delaware, with its principal place of business in Buffalo, New York. Defendant Solidifi conducts business in the District of Colorado.

4.      Defendant Rocket Mortgage is a mortgage lender, with its principal place of business in Detroit, Michigan. Defendant Rocket conducts business in the District of Colorado.

5.      The Subject Property is a duplex located at 749–751 Ash Street, Denver, Colorado, 80220. It consists of two units. Each unit has two levels, three bedrooms, and two bathrooms.

6.      Ms. Cheroutes owned the Subject Property and resided in one of the two units of the Subject Property in 2021.

7.      In January 2021, Ms. Cheroutes applied for a home loan refinance with Rocket Mortgage for the Subject Property.

8.      Rocket Mortgage used Solidifi to find an appraiser to conduct an appraisal of the Subject Property.

9.      Solidifi assigned the appraisal to Mr. Mykhailyna.

10.     Mr. Mykhailyna conducted a site inspection of the Subject Property as part of the appraisal process.

11.     On January 21, 2021, Mr. Mykhailyna submitted his appraisal to Solidifi.

12.     Mr. Mykhailyna's appraisal of the Subject Property valued it at $640,000.

13.     Solidifi submitted the appraisal to Rocket Mortgage on January 21, 2021.

14.     Ms. Cheroutes spoke to multiple Rocket Mortgage team members via the telephone about Mr. Mykhailyna's appraisal.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff intends to seek damages in this matter. Categories of damages include:

1.      All applicable compensatory damages, including economic damages and emotional distress damages. Plaintiff has not yet developed computations of these damages.

2.      Plaintiff also seeks a civil penalty as authorized under the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(C), and 28 C.F.R. § 85.5.

### b. Defendant Solidifi

Solidifi denies liability and that Plaintiff has or is entitled to collect damages from it in any amount or category. Solidifi does not presently seek recovery for damages from Plaintiff in this lawsuit, other than for the recovery of costs and attorneys' fees.  Solidifi, however expressly reserves all rights to seek damages from Plaintiff in the future.

### c. Defendant Rocket Mortgage

Rocket Mortgage denies liability and that Plaintiff has or is entitled to collect damages from it in any amount or category. Rocket Mortgage does not presently seek recovery for damages from Plaintiff in this lawsuit, other than for the recovery of costs and attorneys' fees.  Rocket Mortgage, however expressly reserves all rights to seek damages from Plaintiff in the future.

### d. Maverick Defendants

The Maverick Defendants are not in possession of any documents or information bearing on the issue of Plaintiff's injuries in order to make a computation.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

### a.  Date of Rule 26(f) meeting.

The FED. R. CIV. P. 26(f) meeting was held on February 4, 2025.

### b.  Names of each participant and party he/she represented.

Nathan Shulock, Zeyen Wu, and Alicia Alvero Koski on behalf of the United States.

Brooks Brown, Keith Levenberg, and Angelica Rankins on behalf of Rocket Mortgage, LLC.

Chris Riley, Alexandria Pierce, and John Evan Laughter on behalf of Solidifi U.S. Inc.

Maria Temkin on behalf of Maksym Mykhailyna and Maverick Appraisal Group Inc.

Mari Newman, Andy McNulty, and Madeline Leibin on behalf of Proposed Intervenor Francesca Cheroutes.

### c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.

On February 18, 2025, Plaintiff made its initial disclosures under FED. R. CIV. P.

26(a)(1) and made available all documents identified in its disclosures.

On February 18, 2025, Solidifi and Rocket Mortgage made their initial disclosures under FED. R. CIV. P 26(a)(1), without prejudice to (and expressly reserving all arguments set forth in) their pending Motions to Dismiss and Motion to Stay Discovery (ECF No. 63).

The Maverick Defendants intend to make their initial disclosures by March 7, 2025.

**d.  Proposed changes, if any, in timing or requirement of disclosures under FED. R. CIV. P. 26(a)(1).**

None.

**e.  Statement concerning any agreements to conduct informal discovery.**

There has been no informal discovery or agreements thereto; however, prior to the filing of this Complaint, the United States Department of Housing and Urban Development ("HUD") conducted a non-public investigation related to this matter. In connection with that investigation, HUD obtained extensive documents from defendants, conducted interviews with representatives of defendants, and provided these documents to the United States Department of Justice.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system for depositions.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff anticipates that discovery will involve electronically stored information (ESI), and that some of this ESI will involve unusual file formats or otherwise be

technically complex. Plaintiff does not anticipate that the ESI exchanged in discovery will be voluminous. Plaintiff recognizes that "the Court encourages parties to agree to an ESI protocol." D.C.COLO.MJ IV. Plaintiff believes that the parties should enter into a stipulated ESI protocol to facilitate the production of ESI, remove unnecessary preservation requirements, and avoid discovery disputes over the scope and format of ESI production. *See* Fed. R. Civ. P. 26(f) advisory committee's note to 2006 amendment. Plaintiff sent a draft ESI protocol to all defendants on February 13, 2025. The Maverick Defendants have agreed to the draft ESI protocol.

In light of the extensive discovery Plaintiff has already received from defendants during the HUD investigation referenced in 6(e), Defendants Solidifi and Rocket Mortgage do not believe that this is a case that will involve an extensive amount of ESI. Defendants Solidifi and Rocket Mortgage will negotiate the terms of an ESI protocol should one become necessary or appropriate during the course of this litigation.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement, including at and prior to the Rule 26(f) conference, and there are currently no active settlement negotiations between any parties.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiff proposes 10 depositions per side. Expert witness depositions are not counted toward the 10-deposition limit. The Maverick Defendants agree with this proposal.

Defendants Solidifi and Rocket Mortgage propose 10 depositions per party. Defendants Solidifi and Rocket Mortgage agree that expert witness depositions will not count toward the deposition limit.

The parties agree that each party may serve up to 25 interrogatories on any other party.  To the extent practicable and feasible, defendants will attempt to confer with each other prior to serving interrogatories to reduce or eliminate duplicative interrogatories.

**b.  Limitations which any party proposes on the length of depositions.**

The United States proposes that, per the default rule, each deposition should be "limited to one day of 7 hours." FED. R. CIV. P. 30(d)(1). The United States believes that longer depositions are unnecessary under the circumstances and would only serve to unnecessarily increase the burden and expense of discovery. Solidifi and Rocket Mortgage are in agreement.

The Maverick Defendants respectfully suggests that certain depositions will require questions to be posed to the witness by Plaintiff and three Defendants who have separate and conflicting positions requiring questioning beyond standard seven hours and that unless all parties can agree on extension of the time of the deposition, the parties are allowed to apply to the court to seek additional time as needed.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree that each party may serve 25 requests for production and 25 requests for admission on any other party. Rocket Mortgage reserves the right to oppose discovery that is disproportionate to the needs of the case.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

As set forth in their Motion to Stay Discovery (ECF No. 63), Rocket Mortgage and Solidifi believe that discovery should be stayed pending the resolution of their respective Motions to Dismiss and Cheroutes's Motion to Intervene. The United States anticipates opposing that motion. Thus, the parties have not reached agreement as to specific dates for any discovery deadlines. However, the parties have reached agreement as to the overall length and structure of the potential discovery period. The main difference between the proposals is the triggering event and date for the agreed-upon time periods for various discovery deadlines. Specifically, as set forth below, the United States proposes that the triggering event should be the date of the Scheduling Conference. Solidifi and Rocket Mortgage, on the other hand, propose that the triggering event should occur after the pending Motions to Dismiss and Motion to Intervene are resolved and on the date of their answers (if any) to the Complaint or any amended complaint that United States may file.

Consistent with the above, Plaintiff proposes that the Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions be set to 180

days after the Scheduling Conference. The Maverick Defendants agree with this proposal.

Defendants Solidifi and Rocket Mortgage propose that, if the case remains pending after the resolution of the Motions to Dismiss and Motion to Intervene, this deadline be set to 180 days after their answer to the Complaint or any future amended complaint, should one be filed by the United States.

**e. Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

Plaintiff proposes April 18, 2025. The Maverick Defendants agree with this proposal.

Defendant Solidifi and Rocket Mortgage propose the deadline be set thirty (30) days after their answer to the Complaint or any future amended complaint, should one be filed by the United States.

**b. Discovery Cutoff:**

The parties propose that the deadline be set 120 days after the deadline for the service of Interrogatories, Requests for Production of Documents and/or Admissions.

**c. Dispositive Motion Deadline:**

The parties propose the deadline be set 45 days after the Discovery Cutoff deadline.

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff United States:

1.    Appraisal Bias
2.    Real-Estate Market
3.    Residential Real-Estate Appraisal
4.    Damages

Defendants Solidifi and Rocket Mortgage:

1.    Residential Real Estate Appraisals
2.    The Subject Appraisal
3.    The Subject Real-Estate Market
4.    Appraisal Management Companies
5.    Damages

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The parties propose a limit of 6 expert witnesses per party.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in FED. R. CIV. P. 26(a)(2) on or before 90 days before the Discovery Cutoff deadline.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in FED. R. CIV. P. 26(a)(2) on or before 45 days before the Discovery Cutoff deadline.**

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
| --- | --- |
| Francesca Cheroutes | TBD |
| Maksym Mykhailyna | TBD |
| Matthew Watson | TBD |
| Randy Griebel | TBD |
| Abril CanoBaca | TBD |
| Kevin Hischke | TBD |
| Rocket (30(b)(6)) | TBD |
| Solidifi (30(b)(6)) | TBD |

| Maverick (30(b)(6)) | TBD |
| Leah Harris | TBD |
| Scott Holstein | TBD |
| Any expert witnesses | TBD |

## 10. DATES FOR FURTHER CONFERENCES

**a.  Status conferences will be held at the following dates and times:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

**b.  A final pretrial conference will be held at the following date and time:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff requests a five-day trial to a jury.

Rocket Mortgage and Solidifi request a five to seven day trial to a jury.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served

upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the

trial of this case.

With respect to discovery disputes, all parties must comply with D.C.COLO.LCivR

7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional

Order of the assigned Magistrate Judge regarding discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of

good cause.


DATED at _____, Colorado, this ____ day of _____, 20__.


BY THE COURT:


_____
Timothy P. O'Hara
United States Magistrate Judge

20

APPROVED AS SUBMITTED ON February 25, 2025:

s/Zeyen J. Wu
**Zeyen J. Wu**
**Alicia Alvero Koski**
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Email: zeyen.wu@usdoj.gov

s/Nathan Shulock
**Nathan Shulock**
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, DC 20530
Telephone: (202) 598-3254
Email: nathan.shulock@usdoj.gov

**Attorneys for the United States**

*s/*Maria Temkin
Maria Temkin
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 939-4181
Fax: (215) 914-6975
Maria@temkinlegal.com
***Attorney for Defendants Maksym Mykhailyna and Maverick Appraisal Group Inc.***

*/s/ Christopher A. Riley*
Christopher A. Riley
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
404-881-7000 (telephone)
404-881-7777 (facsimile)
chris.riley@alston.com

Michael J. Carrigan
Alexandria E. Pierce
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
mcarrigan@hollandhart.com
aepierce@hollandhart.com

*Attorneys for Defendant Solidifi U.S. Inc.*

---

*/s/ Brooks R. Brown*
Brooks R. Brown
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
bbrown@goodwinlaw.com

Keith Levenberg

Jeffrey B. Morganroth
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Ave., Suite 200
Birmingham, MI 48009
Telephone: (248) 864-4000
Facsimile: (248) 864-4001
jmorganroth@morganrothlaw.com

GOODWIN PROCTER LLP                 Jacob F. Hollars, #50352
1900 N Street, N.W.                 Spencer Fane, LLP
Washington, DC 20036                1700 Lincoln Street, Suite 2000
(202) 346-4000                      Denver, CO 80203
klevenberg@goodwinlaw.com           Phone: (303) 839-3707
                                    Fax: (303) 839-3838
Angelica Rankins                    Email: jhollars@spencerfane.com
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
ARankins@goodwinlaw.com

*Attorneys for Defendant Rocket Mortgage, LLC*