IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

and

FRANCESCA CHEROUTES,

    Intervenor Plaintiff,

v.

ROCKET MORTGAGE, LLC,
SOLIDIFI U.S. INC.,
MAKSYM MYKHAILYNA, and
MAVERICK APPRAISAL GROUP, INC.,

    Defendants.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge**

    This matter is before the Court on the Partially Unopposed Motion to Intervene [ECF 19] filed by Francesca Cheroutes. Plaintiff, the United States of America, filed this lawsuit on October 21, 2024 [ECF 1] against Defendants Rocket Mortgage ("Rocket"), Solidifi U.S. ("Solidifi"), Maksym Mykhailyna, and Maverick Appraisal Group ("Maverick"). Ms. Cheroutes filed her "Partially Unopposed Motion to Intervene" [ECF 19] on November 11, 2024. Defendants Rocket and Solidifi filed their Opposition briefs [ECFs 30 & 31] in response to Ms. Cheroutes' Motion on December 12, 2024. Ms. Cheroutes replied to Defendant Rocket on February 6, 2025, and Defendant Solidifi on February 7, 2025. ECFs 61 & 62. On February 25, 2025, Ms. Cheroutes

filed a "Partially Unopposed Motion for Expedited Ruling on Motion to Intervene" [ECF 65], requesting the Court to rule on the Motion before the Scheduling Conference scheduling for March 4, 2025. The Court grants both the Motion to Expedite [ECF 65] and the Motion to Intervene [ECF 19].

## BACKGROUND

This matter arises from alleged racial discrimination in appraising the value of Ms. Cheroutes' property. Ms. Cheroutes is a Black woman who owns a home in Denver, Colorado. ECF 1 at ¶¶ 1-2. In January 2021, she sought to refinance her property with Defendant Rocket, which required an appraisal. *Id.* at ¶ 2. The home had been appraised less than a year prior, also in connection with a mortgage from Rocket, at a value of $860,000. *Id.* Defendant Rocket contracted Defendant Solidifi, an appraisal management company, to appraise Ms. Cheroutes' home. *Id.* at ¶ 3. The appraisal was conducted by Defendant Mykhailyna, an appraiser and Chief Executive Officer of Defendant Maverick. *Id.* at ¶ 3. According to the Plaintiff's Complaint, when Defendant Mykhailyna appraised the property, he disregarded relevant information provided by Ms. Cheroutes. *Id.* at ¶ 4. Specifically, she described the recent renovations to the home, but Defendant Mykhailyna left that information out of his report. *Id.* Ms. Cheroutes and Plaintiff allege that for the subsequent appraisal Defendant Mykhailyna erroneously "relied on sales of properties that were farther away and in neighborhoods with greater concentrations of Black persons than the predominantly White neighborhood where Ms. Cheroutes lived." *Id.* ¶ 5. Despite the previous appraisal value, higher sales prices for six comparable duplexes within a mile of the property, and recent improvements made to the property, Defendant Mykhailyna appraised Ms. Cheroutes' home at $640,000. *Id.* at ¶¶ 4-5. The U.S. and Ms. Cheroutes allege that this low appraisal value was motivated by racial discrimination. *See generally id.* & ECF 19.

When Ms. Cheroutes explained to Defendant Rocket her belief that her home was undervalued because she is Black, Defendant Rocket told her that "she could either proceed with the refinancing using the discriminatory appraisal, or her refinancing application would be cancelled." ECF 1 at ¶ 7. She continued to challenge the discriminatory appraisal, and Defendant Rocket cancelled her application. *Id.* On April 27, 2021, Ms. Cheroutes filed a complaint with the Colorado Civil Rights Division ("CCRD") alleging that Defendants engaged in discriminatory housing practices. *Id.* at ¶ 136. On June 16, 2021, her complaint was transferred to the Department of Housing and Urban Development ("HUD"). *Id.* at ¶ 137. After an investigation spanning more than three years, HUD "determined that . . . reasonable cause existed to believe that Defendants had violated the Fair Housing Act ("FHA")." *Id.* at ¶ 8; ECF 19 at p. 3. On July 22, 2024, Ms. Cheroutes opted to have HUD's Charge of Discrimination resolved in a civil action. ECF 1 at ¶ 141. A Notice of Election to Proceed in United States Federal District Court was issued by an HUD Administrative Law Judge, and the present action was commenced on October 21, 2024. *Id.* at ¶ 142.

## ANALYSIS

Federal Rule of Civil Procedure Rule 24 governs the intervention of non-parties. Under Rule 24(a) a court must permit intervention as a matter of right for a non-party that:

(1) is given an unconditional right to intervene by federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [their] interest, unless existing parties adequately represent that interest.

The Tenth Circuit has summarized the second prong of Rule 24(a) to require that: "(1) the application is timely; (2) the applicant claims an interest relating to the property . . . which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded;

3

and (4) the applicant's interest is not adequately represented by existing parties." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (cleaned up) (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citing *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)). However, "[f]ailure to satisfy even one of these [*Albert*] requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Maynard v. Colorado Supreme Court Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 WL 2775569, at *3 (D. Colo. July 14, 2010) (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)) (quotation marks omitted).

Ms. Cheroutes first argues that she is entitled to intervene as a matter of right under Rule 24(a)(1). ECF 19 at p. 1.[1] The FHA provides "[a]ny aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action." 42 U.S.C. § 3612(o)(2). An "aggrieved person" under the FHA is someone who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(i). Additionally, "[u]pon timely action, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) [of subsection 3614] which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person . . . ." 42 U.S.C. § 3614(e). "Notwithstanding the use of the word 'may,' § 3614(e) is interpreted as granting an unconditional

---

[1] Ms. Cheroutes also argues that she is entitled to permissive intervention under Fed. R. Civ. P. 24(b). ECF 19 at p. 8. Because the Court finds that Ms. Cheroutes should intervene as a matter of right under either Fed. R. Civ. P. 25(a)(1) or (a)(2), the Court need not reach the argument regarding permissive intervention.

pg 5 of 7

right to intervene." *United States v. Chicopee Housing Authority*, No. 3:21-cv-10649-KAR, 2023 WL 2633737, at *3 (D. Mass. March 24, 2023) (citing *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 269 (E.D. Mich. 1997)). When a party timely files a motion and is entitled to intervene under Rule 24(a)(1), the Court must permit the intervention. The Court determines that Ms. Cheroutes has an unconditional right under the FHA, 42 U.S.C. §§ 3601-3619, and thus, the Court must allow her to intervene under Rule 24(a)(1).

Defendants Rocket and Solidifi first argue that Ms. Cheroutes' Motion to Intervene should be denied because her claims, and the U.S.'s claims, are futile. *See generally* ECFs 30 & 31. Defendants both cite *Greens at Chester LLC v. Town of Chester*, No. 19-cv-6770 (PMH), 2020 WL 2306421, at *4 (S.D.N.Y. May 8, 2020), to support their argument that futility is cause to deny the Motion. However, *Greens at Chester* discusses intervention as a matter of right under Rule 24(a)(2) and not Rule 24(a)(1). Neither Defendant addresses Plaintiff's asserted right to intervene under 24(a)(1), so Defendants do not contest the assertion that Plaintiff is an "aggrieved party" with a statutory right to intervene granted by the FHA. This argument references the arguments made by both Defendants by way of Motions to Dismiss. This Court declines the opportunity to address the merits of those Motions, especially considering that the Motions did not address Ms. Cheroutes' specific claims.

Defendants Rocket and Solidifi next suggest that Ms. Cheroutes' Motion to Intervene should be denied because her claims are duplicative of the action brought by the United States. *See* ECF 30 at p. 2; ECF 31 at p. 2. Neither party respond to Ms. Cheroutes' argument that she pleads an additional claim under 42 U.S.C. § 1981 that was not covered by the Complaint brought by the United States. ECF 19-1 at p. 10.

5

Under Fed. R. Civ. P. 24(a)(1), the Court need only determine whether Ms. Cheroutes timely filed the Motion to Intervene and was an "aggrieved person" under the FHA. The Court notes that Ms. Cheroutes' Motion was filed within a month of the original Complaint and before Defendants filed their Motions to Dismiss in response to the Complaint. Thus, the Motion was timely filed. Ms. Cheroutes alleges that she was a homeowner who was subject to discriminatory and unfair housing practices. While the United States brought this matter, Ms. Cheroutes undoubtedly suffered the injury because she was the homeowner who experienced the allegedly discriminatory appraisal process, which impacted her ability to refinance her home. Additionally, the FHA's investigation determined from Ms. Cheroutes' report that Defendants engaged in discriminatory practices before filing the present lawsuit on her behalf. Thus, Ms. Cheroutes is an "aggrieved person" under the FHA and has an unconditional right to intervene granted by federal statute. Because she meets these two requirements, Ms. Cheroutes is entitled to intervene as a matter of right under Rule 24(a)(1).

Even if the Court is incorrect that Ms. Cheroutes is entitled to intervene under Rule 24(a)(1), she is entitled to intervene under Rule 24(a)(2). All of the factors set forth in *Albert* support intervention. As discussed above, Ms. Cheroutes' filed her Motion to Intervene in a timely fashion, within one month of the United States' Complaint. Clearly, Ms. Cheroutes claims an interest relating to the property that is the subject of the action, her home. Because there is at least one of Ms. Cheroutes' claims that is not covered by the action brought by the United States, i.e., under 42 U.S.C. §1981, her interest may not be adequately represented by the government's lawsuit, thus impeding her ability to pursue her claims against the Defendants.

**CONCLUSION**

The Court has no discretion when a non-party has a right to intervene. The FHA provides Ms. Cheroutes an unconditional right to intervene, and she has timely chosen to exercise that right. As described above, Fed. R. Civ. P. 24(a)(1)'s and 24(a)(2)'s requirements are satisfied; the Court must permit intervention. Ms. Cheroutes' Motion to Expedite [ECF 65] is **GRANTED**. Ms. Cheroutes' Motion to Intervene [ECF 19] is **GRANTED**.

Ms. Cheroutes shall file her proposed Intervenor's Complaint, filed as an exhibit to her Motion [ECF 19-1] **on or before March 10, 2025.**

DATED at Denver, Colorado, this 3rd day of March, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge