IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on March 4, 2025.

For the United States, Plaintiff:

| | |
|---|---|
| **Zeyen J. Wu** (in person) | **Nathan Shulock** (by VTC) |
| U.S. Attorney's Office | Housing and Civil Enforcement Section |
| 1801 California Street, Suite 1600 | Civil Rights Division |
| Denver, CO 80202 | U.S. Department of Justice |
| Telephone: (303) 454-0100 | 150 M Street, N.E. |
| | Washington, DC 20530 |
| **Alicia Alvero Koski** (in person) | Telephone: (202) 598-3254 |
| U.S. Attorney's Office | Email: nathan.shulock@usdoj.gov |
| 1801 California Street, Suite 1600 | |
| Denver, CO 80202 | |
| Telephone: (303) 454-0100 | |

1

For Defendant Rocket Mortgage, LLC:

| | |
|---|---|
| **Brooks R. Brown** (in person)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000<br>bbrown@goodwinlaw.com<br><br>Keith Levenberg<br>Angelica Rankins<br>GOODWIN PROCTER LLP<br>1900 N Street, N.W.<br>Washington, DC 20036<br>(202) 346-4000<br>klevenberg@goodwinlaw.com<br>arankins@goodwinlaw.com | **Jeffrey B. Morganroth** (in person)<br>MORGANROTH & MORGANROTH, PLLC<br>344 North Old Woodward Ave., Suite 200<br>Birmingham, MI 48009<br>Telephone: (248) 864-4000<br>Facsimile: (248) 864-4001<br>jmorganroth@morganrothlaw.com<br><br>**Jacob F. Hollars, #50352** (in person)<br>SPENCER FANE, LLP<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203<br>Phone: (303) 839-3707<br>Fax: (303) 839-3838<br>Email: jhollars@spencerfane.com |

For Defendant Solidifi U.S. Inc.:

| | |
|---|---|
| Christopher A. Riley<br>Georgia Bar No. 605634<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Telephone: 404-881-7000<br>Fax: 404-881-7777<br>chris.riley@alston.com<br><br>**Michael J. Carrigan** (in person)<br>HOLLAND & HART LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202-3921<br>Telephone: 303.295.8000<br>Email: mcarrigan@hollandhart.com | **Alexandria E. Pierce** (in person)<br>HOLLAND & HART LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202-3921<br>Telephone: 303.295.8000<br>Email: aepierce@hollandhart.com |

Case No. 1:24-cv-02915-GPG-TPO   Document 73   filed 03/05/25   USDC Colorado
pg 3 of 20

For Maksym Mykhailyna and Maverick Appraisal Group Inc., Defendants:

**Maria Temkin, Esq.** (in person)
TEMKIN & ASSOCIATES, LLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 939-4181
Email: maria@temkinlegal.com

For Francesca Cheroutes, Intervenor Plaintiff:

**Mari Newman** (in person)
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Mari@Newman-McNulty.com

Andy McNulty
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Andy@Newman-McNulty.com

**Madeline Leibin** (in person)
NEWMAN | MCNULTY, LLC
1490 N. Lafayette Street, Suite 304
Denver, CO 80218
Telephone: (720) 850 - 5770
Email: Madeline@Newman-McNulty.com

## 2. STATEMENT OF JURISDICTION

The United States is the plaintiff. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's Statement**

In January 2021, during a time of falling interest rates and rising home values in the Denver area, Francesca Cheroutes sought to refinance the property she owns at 749-751 Ash Street, Denver, Colorado, 80220 ("Subject Property"), with Defendant Rocket Mortgage, LLC ("Rocket Mortgage"). This required an appraisal. A previous appraisal of the Subject Property,

which had been completed less than a year before, and also in connection with a mortgage from Rocket Mortgage, valued the Subject Property at $860,000.

Rocket Mortgage contracted with Defendant Solidifi US Inc. ("Solidifi"), an appraisal management company ("AMC"), to conduct an appraisal of the Subject Property (the "Subject Appraisal"). Solidifi, which maintains a "panel" of appraisers that it trains and approves to carry out appraisals in accordance with Solidifi's standards, arranged for one of those appraisers, Defendants Maksym Mykhailyna, the Chief Executive Officer of Defendant Maverick Appraisal Group Inc. ("Maverick"), to perform the Subject Appraisal for Rocket Mortgage. Mr. Mykhailyna and Maverick completed the Subject Appraisal and submitted it to Solidifi, which submitted it to Rocket Mortgage pursuant to its contract.

In performing the Subject Appraisal, Mr. Mykhailyna and Maverick significantly undervalued the Subject Property because of her race and color. Mr. Mykhailyna met Ms. Cheroutes during the appraisal and knew that the Subject Property was occupied by a Black family when he performed the appraisal. Ms. Cheroutes told Mr. Mykhailyna about recent improvements to the Subject Property, including new gutters, new doors, and updates to the kitchen and bathroom. Mr. Mykhailyna did not respond and did not include this information in his report about the Subject Appraisal.

Mr. Mykhailyna appraised the Subject Property at $640,000, which was $220,000 lower than the appraisal completed less than a year earlier. Mr. Mykhailyna's appraisal was also lower than the sales prices of all six comparable duplexes within a mile of the Subject Property, which Mr. Mykhailyna's agreement with Solidifi directed him to consider in the appraisal. Mr. Mykhailyna disregarded all but one of these comparables and instead relied on sales of properties

4

that were farther away and in neighborhoods with greater concentrations of Black persons than the predominantly White neighborhood where the Subject Property is located. Mr. Mykhailyna's approach differed markedly from how he appraised a property of a White homeowner in Ms. Cheroutes's neighborhood one month before the Subject Appraisal. The relevant facts and circumstances demonstrate that Mr. Mykhailyna used faulty comparables and made other inaccurate assumptions because Ms. Cheroutes was Black.

After Ms. Cheroutes received the Subject Appraisal, she contacted Rocket Mortgage. Ms. Cheroutes informed Rocket that the Subject Appraisal was significantly lower than the prior appraisal and explained why she believed the Subject Appraisal was motivated by racial discrimination.

Despite being told this information, Rocket Mortgage insisted on using the Subject Appraisal for the refinancing of the Subject Property. Rocket Mortgage told Ms. Cheroutes that she could either proceed with the refinancing using the discriminatory appraisal, or her refinancing application would be canceled. When Ms. Cheroutes continued to request that the appraisal be changed or redone because it was discriminatory, Rocket Mortgage canceled her refinancing application.

Based on the above, Mr. Mykhailyna violated the Fair Housing Act, 42 U.S.C. § 3605, when he intentionally valued the Subject Property substantially lower than it was worth and did so because of Ms. Cheroutes's race. In the Subject Appraisal, Mr. Mykhailyna violated several rules and best practices for appraisals. Mr. Mykhailyna acted as an agent for both Maverick and Solidifi, and both are thus vicariously liable for Mr. Mykhailyna's violation of 42 U.S.C. § 3605. Rocket Mortgage was informed that the Subject Appraisal reflected discrimination based on race

but nonetheless chose to rely on it in violation of § 3605. After Ms. Cheroutes complained about discrimination, Rocket Mortgage retaliated against her, in violation of 42 U.S.C. § 3617, by canceling her refinancing application.

### b. Defendant Solidifi's Statement

In October 2021, Ms. Cheroutes filed a complaint with the Department of Housing and Urban Development ("HUD"), alleging that her appraisal was discriminatory under the Fair Housing Act ("FHA"). In this lawsuit that followed three years later, the government alleges that the appraiser, the lender, and Solidifi have violated the FHA. Solidifi did not violate the FHA because Solidifi did not directly discriminate against Ms. Cheroutes, nor did it exercise the requisite control to be held vicariously liable for Mr. Mykhailyna's alleged actions.

Solidifi is an appraisal management company ("AMC"). As an AMC, Solidifi does not conduct appraisals. Instead, Solidifi fulfills a purely administrative function in the real estate process by acting as an intermediary between the lender and the appraiser. When a lender requests an appraisal, Solidifi engages a third-party appraiser to conduct the appraisal and the appraiser sends the completed appraisal report to Solidifi. Solidifi maintains a panel of appraisers and refers appraisal orders to individual panel appraisers based on a variety of selection criteria such as geography and experience. Once Solidifi receives the completed appraisal report, Solidifi conducts an internal review of the report in accordance with the lender guidelines, and then sends the appraisal report to the lender.

The relationship between lenders, AMCs, and appraisers is governed by federal and state appraisal independence rules. State law prohibits AMCs from influencing or attempting to influence an appraisal in any manner or from altering or modifying a completed appraisal report without the appraiser's permission, except to modify the format for the client. *See* Colo. Rev. Stat.

6

§ 12-10-614(c); Colo. Rev. Stat. § 12-10-614(e). Federal law similarly restricts AMCs from seeking to influence appraisers or from causing an appraisal "to be based on any factor other than the independent judgment of a person that prepares valuations." See 15 U.S.C. § 1639e(b)(3); 12 C.F.R. § 1026.42(c)(1). In addition to the statutory framework governing appraiser independence, Solidifi and appraisers who work with Solidifi expressly disclaim any agency relationship. Appraisers are paid by the job and provide all of the instrumentalities required to conduct appraisals. Furthermore, Solidifi exercises no control over the opinion of value arrived at by the appraiser as stated in the appraisal report.

In this case, Rocket Mortgage contacted Solidifi on January 14, 2021 to request an appraisal for Ms. Cheroutes' property. Solidifi then engaged Mr. Mykhailyna to conduct the appraisal. Mr. Mykhailyna completed the appraisal and then submitted his appraisal report to Solidifi on January 21, 2021. Solidifi then sent the appraisal report to Rocket Mortgage. At no point during this process was Solidifi aware of Ms. Cheroutes' race, nor was Solidifi ever notified of any issues with the appraisal prior to the HUD investigation.

Solidifi is not liable for any alleged discrimination against Ms. Cheroutes. Solidifi cannot be held directly liable under the FHA because Solidifi did not know that Ms. Cheroutes was Black, and thus could not have discriminated against her "because of" her race. Further, Solidifi is not vicariously liable for the alleged actions of Mr. Mykhailyna because appraisal independence requirements legally prohibit the level of control which is required to form an agency relationship. Even if the appraiser's "independent judgment" were not mandated by law, Mr. Mykhailyna does not conduct appraisals subject to Solidifi control.

7

Based on the pendency of Solidifi's Motion to Dismiss, the Complaint has not yet been answered and Solidifi has not asserted any affirmative defenses, or completed their investigation into the defenses available to it, at this time.

### c. Defendant Rocket Mortgage's Statement

In January 2021, Francesca Cheroutes sought a refinancing from her loan servicer, Defendant Rocket Mortgage, for her residential property at 749–751 Ash Street, Denver, Colorado. To determine the property's value, Rocket Mortgage engaged a third-party appraisal-management company, Defendant Solidifi, to find an independent third-party appraiser to appraise the Subject Property. Defendant Mykhailyna visited the property and reported a final appraised value of $640,000. After receiving the appraisal, Cheroutes contacted Rocket Mortgage stating she believed the low appraisal was due to racial discrimination. A Rocket Mortgage team member informed Ms. Cheroutes how she could challenge the appraisal, including by providing alternative comparable properties for consideration. Cheroutes declined to do so. On January 26, 2021, Rocket Mortgage notified Cheroutes that Rocket Mortgage was not able to offer refinancing upon the same terms as initially contemplated due to the appraised value of the Subject Property. Cheroutes did not wish to pursue refinancing upon different terms.

The government's Complaint asserts that Rocket Mortgage violated the Fair Housing Act by (1) failing to "correct" independent, third-party appraiser's appraisal of the Cheroutes property so that she would qualify for the loan; and (2) retaliating against Cheroutes for engaging in a protected activity under 42 U.S.C. § 3605. Compl. ¶ 146-50. Rocket Mortgage has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), because Rocket Mortgage did not, as a matter of law, have the authority to "correct" the appraisal. Federal appraiser-independence laws and regulations expressly prohibit lenders from doing what the government contends Rocket

8

Mortgage should have done here. Nor are there any factual allegations in the government's complaint pleading essential elements of their claims, such as discriminatory intent on the part of Rocket Mortgage.

Based on the pendency of Rocket Mortgage's Motion to Dismiss, the Complaint has not yet been answered and Rocket Mortgage has not asserted any affirmative defenses, or completed their investigation into the defenses available to it, at this time.

### d. The Maverick Defendants' Statement

Defendants Maksym Mykhailyna, the Chief Executive Officer of Defendant Maverick Appraisal Group Inc. ("Maverick") (collectively, the "Maverick Defendants') performed the Subject Appraisal for Rocket Mortgage. The Maverick Defendants appraised the Subject Property at $640,000 which was a fair value of the Subject Property based on the objective factors. The Maverick Defendants properly chose six properties as comparables for the Appraisal as they closely reflected characteristic of the Subject Property and were in adjacent neighborhoods reflecting similar property locations, *i.e.* proximity to a main road. The Maverick Defendants believe that the Appraisal was proper and consistent with the applicable professional appraisal standard and was in no way biased or inaccurate because of Ms. Cheroutes' race.

**Court: The Intervenor-Plaintiff may file a separate Statement of Claims and Defenses as she sees fit.**

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Maverick is an appraisal company incorporated in Colorado, with its principal place of business in Denver, Colorado.

9

2. Defendant Mykhailyna was a licensed appraiser at all relevant times and is the owner and Chief Executive Officer of Maverick.

3. Defendant Solidifi is an AMC incorporated in Delaware, with its principal place of business in Buffalo, New York. Defendant Solidifi conducts business in the District of Colorado.

4. Defendant Rocket Mortgage is a mortgage lender, with its principal place of business in Detroit, Michigan. Defendant Rocket conducts business in the District of Colorado.

5. The Subject Property is a duplex located at 749–751 Ash Street, Denver, Colorado, 80220. It consists of two units. Each unit has two levels, three bedrooms, and two bathrooms.

6. Ms. Cheroutes owned the Subject Property and resided in one of the two units of the Subject Property in 2021.

7. In January 2021, Ms. Cheroutes applied for a home loan refinance with Rocket Mortgage for the Subject Property.

8. Rocket Mortgage used Solidifi to find an appraiser to conduct an appraisal of the Subject Property.

9. Solidifi assigned the appraisal to Mr. Mykhailyna.

10. Mr. Mykhailyna conducted a site inspection of the Subject Property as part of the appraisal process.

11. On January 21, 2021, Mr. Mykhailyna submitted his appraisal to Solidifi.

12. Mr. Mykhailyna's appraisal of the Subject Property valued it at $640,000.

13. Solidifi submitted the appraisal to Rocket Mortgage on January 21, 2021.

14. Ms. Cheroutes spoke to multiple Rocket Mortgage team members via the telephone about Mr. Mykhailyna's appraisal.

## 5. COMPUTATION OF DAMAGES

a.  **Plaintiff**

Plaintiff intends to seek damages in this matter. Categories of damages include:

1. All applicable compensatory damages, including economic damages and emotional distress damages. Plaintiff has not yet developed computations of these damages.

2. Plaintiff also seeks a civil penalty as authorized under the Fair Housing Act, 42 U.S.C. § 3614(d)(1)(C), and 28 C.F.R. § 85.5.

b.  **Defendant Solidifi**

Solidifi denies liability and that Plaintiff has or is entitled to collect damages from it in any amount or category. Solidifi does not presently seek recovery for damages from Plaintiff in this lawsuit, other than for the recovery of costs and attorneys' fees.  Solidifi, however expressly reserves all rights to seek damages from Plaintiff in the future.

c.  **Defendant Rocket Mortgage**

Rocket Mortgage denies liability and that Plaintiff has or is entitled to collect damages from it in any amount or category. Rocket Mortgage does not presently seek recovery for damages from Plaintiff in this lawsuit, other than for the recovery of costs and attorneys' fees.  Rocket Mortgage, however expressly reserves all rights to seek damages from Plaintiff in the future.

d. **Maverick Defendants**

The Maverick Defendants are not in possession of any documents or information bearing on the issue of Plaintiff's injuries in order to make a computation.

**Court: Within 60 days, on or before May 5, 2025, Plaintiff and Plaintiff-Intervenor shall provide Defendants with a more detailed estimate of economic damages.**

# 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The FED. R. CIV. P. 26(f) meeting was held on February 4, 2025.

**b. Names of each participant and party he/she represented.**

Nathan Shulock, Zeyen Wu, and Alicia Alvero Koski on behalf of the United States.

Brooks Brown, Keith Levenberg, and Angelica Rankins on behalf of Rocket Mortgage, LLC.

Chris Riley, Alexandria Pierce, and John Evan Laughter on behalf of Solidifi U.S. Inc.

Maria Temkin on behalf of Maksym Mykhailyna and Maverick Appraisal Group Inc.

Mari Newman, Andy McNulty, and Madeline Leibin on behalf of Proposed Intervenor Francesca Cheroutes.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

On February 18, 2025, Plaintiff made its initial disclosures under FED. R. CIV. P. 26(a)(1) and made available all documents identified in its disclosures.

On February 18, 2025, Solidifi and Rocket Mortgage made their initial disclosures under FED. R. CIV. P 26(a)(1), without prejudice to (and expressly reserving all arguments set forth in) their pending Motions to Dismiss and Motion to Stay Discovery (ECF No. 63).

The Maverick Defendants shall make their initial disclosures by March 7, 2025.

**d. Proposed changes, if any, in timing or requirement of disclosures under FED. R. CIV. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

There has been no informal discovery or agreements thereto; however, prior to the filing of this Complaint, the United States Department of Housing and Urban Development ("HUD") conducted a non-public investigation related to this matter. In connection with that investigation, HUD obtained extensive documents from defendants, conducted interviews with representatives of defendants, and provided these documents to the United States Department of Justice.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system for depositions.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff anticipates that discovery will involve electronically stored information (ESI), and that some of this ESI will involve unusual file formats or otherwise be technically complex. Plaintiff does not anticipate that the ESI exchanged in discovery will be voluminous. Plaintiff recognizes that "the Court encourages parties to agree to an ESI protocol." D.C.COLO.MJ IV. Plaintiff believes that the parties should enter into a stipulated ESI protocol to facilitate the production of ESI, remove unnecessary preservation requirements, and avoid discovery disputes over the scope and format of ESI production. *See* Fed. R. Civ. P. 26(f) advisory committee's note to 2006 amendment. Plaintiff sent a draft ESI protocol to all defendants on February 13, 2025. The Maverick Defendants have agreed to the draft ESI protocol.

In light of the extensive discovery Plaintiff has already received from defendants during the HUD investigation referenced in 6(e), Defendants Solidifi and Rocket Mortgage do not believe that this is a case that will involve an extensive amount of ESI. Defendants Solidifi and Rocket

13

Mortgage will negotiate the terms of an ESI protocol should one become necessary or appropriate during the course of this litigation.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement, including at and prior to the Rule 26(f) conference, and there are currently no active settlement negotiations between any parties.

**Court: A brief discussion was held regarding settlement. The Parties may file a Motion requesting a Settlement Conference with the Court if appropriate.**

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiff proposes 10 depositions per side. Expert witness depositions are not counted toward the 10-deposition limit. The Maverick Defendants agree with this proposal.

Defendants Solidifi and Rocket Mortgage propose 10 depositions per party. Defendants Solidifi and Rocket Mortgage agree that expert witness depositions will not count toward the deposition limit.

The parties agree that each party may serve up to 25 interrogatories on any other party. To the extent practicable and feasible, defendants will attempt to confer with each other prior to serving interrogatories to reduce or eliminate duplicative interrogatories.

**Court: Plaintiff and Plaintiff-Intervenor shall be collectively limited to 14 non-expert depositions. Defendants shall be collectively limited to 17 depositions. Should either party**

14

**believe that good cause exists for additional depositions, the Parties shall confer on the issue. If still unresolved after meaningful conferral, the Parties may bring the matter to the Court.**

**b.   Limitations which any party proposes on the length of depositions.**

The United States proposes that, per the default rule, each deposition should be "limited to one day of 7 hours." FED. R. CIV. P. 30(d)(1). The United States believes that longer depositions are unnecessary under the circumstances and would only serve to unnecessarily increase the burden and expense of discovery. Solidifi and Rocket Mortgage are in agreement.

The Maverick Defendants respectfully suggests that certain depositions will require questions to be posed to the witness by Plaintiff and three Defendants who have separate and conflicting positions requiring questioning beyond standard seven hours and that unless all parties can agree on extension of the time of the deposition, the parties are allowed to apply to the court to seek additional time as needed.

**Court: Depositions shall be limited to one day of 7 hours. The Parties are encouraged to confer if additional time may be required to conduct any depositions.**

**c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree that each party may serve 25 requests for production and 25 requests for admission on any other party. Rocket Mortgage reserves the right to oppose discovery that is disproportionate to the needs of the case.

**d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

As set forth in their Motion to Stay Discovery (ECF No. 63), Rocket Mortgage and Solidifi believe that discovery should be stayed pending the resolution of their respective Motions to

Dismiss and Cheroutes's Motion to Intervene. The United States anticipates opposing that motion. Thus, the parties have not reached agreement as to specific dates for any discovery deadlines. However, the parties have reached agreement as to the overall length and structure of the potential discovery period. The main difference between the proposals is the triggering event and date for the agreed-upon time periods for various discovery deadlines. Specifically, as set forth below, the United States proposes that the triggering event should be the date of the Scheduling Conference. Solidifi and Rocket Mortgage, on the other hand, propose that the triggering event should occur after the pending Motions to Dismiss and Motion to Intervene are resolved and on the date of their answers (if any) to the Complaint or any amended complaint that United States may file.

Consistent with the above, Plaintiff proposes that the Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions be set to 180 days after the Scheduling Conference. The Maverick Defendants agree with this proposal.

Defendants Solidifi and Rocket Mortgage propose that, if the case remains pending after the resolution of the Motions to Dismiss and Motion to Intervene, this deadline be set to 180 days after their answer to the Complaint or any future amended complaint, should one be filed by the United States.

**Court: Deadline for Service of Interrogatories, Requests for Admission, and Requests for Production:   October 31, 2025.**

**e.      The Parties shall follow the procedure set out at Section VI of the <u>Magistrate Judges' Uniform Civil Practice Standards</u> (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to o'hara_chambers@cod.uscourts.gov. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by**

16

**D.C.COLO.MJ § VI**, a motion may be filed <u>without</u> the prerequisite discovery conference for discovery that concerns a third party.

The Court requires that all conferral attempts be meaningful. A meaningful conferral is one done personally such as face-to-face, in a video conference, or over the telephone. *See* **D.C.COLO.MJ, § VI(2)**; *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.

If the Parties anticipate filing a Motion for Protective Order, then they shall comply with Section V(5) the <u>**Magistrate Judges' Uniform Civil Practice Standards**</u> (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

**April 18, 2025**

b. **Discovery Cutoff:**

**December 4, 2025**

c. **Dispositive Motion Deadline:**

**January 20, 2026**

d. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

    Plaintiff United States:

    1. Appraisal Bias
    2. Real-Estate Market
    3. Residential Real-Estate Appraisal
    4. Damages

    Defendants Solidifi and Rocket Mortgage:

    1. Residential Real Estate Appraisals
    2. The Subject Appraisal

17

      3.      The Subject Real-Estate Market
      4.      Appraisal Management Companies
      5.      Damages

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The parties propose a limit of 6 expert witnesses per party.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in** FED. R. CIV. P. 26(a)(2) **on or before 90 days before the Discovery Cutoff deadline.**

**October 6, 2025**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in** FED. R. CIV. P. 26(a)(2) **on or before 45 days before the Discovery Cutoff deadline.**

**November 6, 2025**

**e.   Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Francesca Cheroutes | TBD |
| Maksym Mykhailyna | TBD |
| Matthew Watson | TBD |
| Randy Griebel | TBD |
| Abril CanoBaca | TBD |
| Kevin Hischke | TBD |
| Rocket (30(b)(6)) | TBD |
| Solidifi (30(b)(6)) | TBD |
| Maverick (30(b)(6)) | TBD |
| Leah Harris | TBD |
| Scott Holstein | TBD |
| Any expert witnesses | TBD |

## 10. DATES FOR FURTHER CONFERENCES

a.   **A Status Conference is set for June 11, 2025, at 11:00 a.m. before United States Magistrate Judge Timothy P. O'Hara in Courtroom C-402, on the fourth floor of Byron G. Rogers Federal Courthouse, 1929 Stout Street, Denver, Colorado.**

    **b. If no summary judgment motions are filed, the Parties shall contact District Judge Gallagher jointly via email (Gallagher_Chambers@cod.uscourts.gov) within ten days after the dispositive motions deadline to set a Final Pretrial Conference.** *See* **Section III.A. of District Judge Gallagher's <u>Standing Order Regarding Pretrial and Trial Procedures – CIVIL</u>. If dispositive motions are filed, the Parties shall contact District Judge Gallagher jointly via email within thirty days after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference.** *Id.* **At least fourteen days before the scheduled date of the Final Pretrial Conference, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order.** *Id.* **It is the responsibility of Plaintiff's counsel to schedule meetings and then file and submit the proposed Final Pretrial Order.** *Id.* **If the Parties agree, Plaintiff may delegate responsibility for filing and submission to Defendant.** *Id.* **Unless otherwise ordered, the Parties shall submit their proposed Final Pretrial Order no later than seven days before the date of the Final Pretrial Conference.** *Id.* **The proposed Final Pretrial Order should be filed in CM/ECF and submitted electronically in editable (Word) format directly to District Judge Gallagher's Chambers at Gallagher_Chambers@cod.uscourts.gov.** *Id.*

**11. OTHER SCHEDULING MATTERS**

    **a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

    **b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff requests a five-day trial to a jury.

Rocket Mortgage and Solidifi request a five to seven day trial to a jury.

    **c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, all parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 5th day of March, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge