IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

---

**PLAINTIFF UNITED STATES' RESPONSE TO DEFENDANTS ROCKET MORTGAGE, LLC AND SOLIDIFI U.S. INC.'S MOTION TO STAY DISCOVERY (ECF No. 63)**

---

    Defendants Rocket Mortgage, LLC ("Rocket") and Solidifi U.S. Inc. ("Solidifi") have filed a Motion to Stay Discovery, arguing that discovery should be stayed until their Motions to Dismiss, ECF Nos. 28 and 39, and Intervenor Francesca Cheroutes's Motion to Intervene, ECF No. 19, are resolved by the Court. ECF No. 63 at 1. Ms. Cheroutes's Motion to Intervene has since been granted. ECF No. 69 at 7.

    Rocket and Solidifi have provided no basis for a stay beyond the standard burdens of litigation. Furthermore, a stay of discovery would prejudice the United States' interest in proceeding expeditiously, impede judicial efficiency by creating piecemeal litigation, and harm the public interest. Because Rocket and Solidifi have not provided

1

sufficient reason to depart from the District of Colorado's general disfavor of discovery stays, the Court should deny Defendants' Motion to Stay Discovery.

## BACKGROUND

The United States brought this suit under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, on October 21, 2024. ECF No. 1. Rocket filed a Motion to Dismiss the Complaint on December 4, 2024, ECF No. 28, and Solidifi filed a Motion to Dismiss on December 20, 2024, ECF No. 39. Both of those motions are fully briefed and remain pending before the Court. *See* ECF No. 50 (Response in opposition to Rocket Motion to Dismiss); ECF No. 56 (Response in opposition to Solidifi Motion to Dismiss); ECF No. 60 (Reply in support of Rocket Motion to Dismiss); ECF No. 61 (Reply in support of Solidifi Motion to Dismiss). The two other Defendants in this suit, Maksym Mykhailyna and Maverick Appraisal Group Inc. ("Maverick"), filed an Answer to the Complaint on February 5, 2025. ECF No. 59.

On November 21, 2024, the complainant and Intervening Plaintiff in this matter, Ms. Cheroutes, filed a Motion to Intervene, ECF No. 19, which the Court granted on March 3, 2025, ECF No. 69 at 7. Ms. Cheroutes filed her Intervenor's Complaint on March 4, 2025. ECF No. 70.

A Scheduling Conference was initially set for January 7, 2025. ECF No. 5. The United States filed an unopposed Motion to Vacate and Reset Scheduling Conference and Related Deadlines, ECF No. 34, which the Court granted, ECF No. 38. The Scheduling Conference took place on March 4, 2025, before Magistrate Judge Timothy P. O'Hara. ECF No. 71. The parties' deadline to serve initial disclosures was February

2

18, 2025.[1] At the Scheduling Conference, the Court set deadlines for discovery, including a discovery cut-off of December 4, 2025. ECF No. 73.

Rocket and Solidifi filed the instant Motion to Stay Discovery on February 14, 2025. ECF No. 63. They primarily argued that a stay of discovery was appropriate because their Motions to Dismiss and Ms. Cheroutes's Motion to Intervene had not yet been resolved. *See id.* at 5–11. However, after Defendants' Motion to Stay Discovery was filed, the Court granted Ms. Cheroutes's Motion to Intervene, noting that the "FHA provides Ms. Cheroutes an unconditional right to intervene." ECF No. 69 at 7.

## LEGAL STANDARD

"A stay of all discovery is generally disfavored" in this district. *Robinson v. Oil Shale Corp.*, No. 17-cv-1373-CMA-GPG, 2017 WL 11488719, at *1 (D. Colo. Oct. 25, 2017); *see also Burba v. United States*, No. 19-cv-00155-CMA-SKC, 2020 WL 4207518, at *1 (D. Colo. July 22, 2020) ("[S]tays are the exception in this judicial district, not the rule."); D.C.COLO.MJ V.8 ("The District of Colorado generally disfavors motions to stay discovery."). And this is especially true where a motion to dismiss is brought for failure to state a claim, as opposed to lack of jurisdiction or qualified immunity. *See Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, No. 19-cv-02075-WJM-GPG, 2020 WL 12675948, at *2 (D. Colo. Apr. 21, 2020) ("While courts may be less inclined to stay discovery pending resolution of a Rule 12(b)(6) Motion to Dismiss, courts may be more inclined to stay discovery if the motion impacts immunity or jurisdictional issues."

---

[1] The United States, Rocket, and Solidifi served their initial disclosures on all parties on February 18, 2025. Mr. Mykhailyna and Maverick agreed to serve their initial disclosures by March 7, 2025. ECF No. 73 at 12.

3

(citations omitted)). A court has the discretion to grant a motion to stay discovery pending the resolution of a dispositive motion. *Robinson*, 2017 WL 11488719, at *1. However, "[t]he underlying principle in determination of whether to grant or deny a stay clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Id.* (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

In the District of Colorado, courts look to the following five factors in evaluating whether to grant a motion to stay discovery:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

## ARGUMENT

The *String Cheese* factors clearly weigh against a stay, so the Court should deny Defendants' Motion to Stay Discovery.

### 1. Prejudice to the United States' interest in proceeding expeditiously

The United States has a strong interest in proceeding expeditiously with this suit, and staying discovery would prejudice this interest. *See String Cheese*, 2006 WL 894955, at *2 ("[T]o grant [the] defendants' motion could delay the proceedings for an unknown period of time until there is a ruling on the pending motion[,] and . . . the delay would significantly impact and prejudice [the] plaintiff's right to pursue [its] case and vindicate its claim expeditiously." (quotation omitted)); *Colo. Dep't of Pub. Health &*

4

*Env't, Hazardous Materials & Waste Mgmt. Div. v. United States*, No. 21-cv-02474-RMR-NYW, 2021 WL 5770228, at *3 (D. Colo. Dec. 6, 2021) (finding that, even though the plaintiff was not currently seeking discovery, the plaintiff "nevertheless ha[d] an interest in proceeding expeditiously in th[e] matter" and "in timely and efficiently pursuing its claim" (quotation omitted)). The United States brings this action on behalf of Ms. Cheroutes, seeking monetary and injunctive relief to remedy Ms. Cheroutes's injuries and to vindicate the public interest. The stay sought by Rocket and Solidifi would delay this potential relief. This factor weighs strongly in favor of the United States.

The United States filed this case more than four months ago. The same day the complaint was filed, the same counsel who are now representing Rocket and Solidifi were e-mailed a copy of the complaint and a request for waiver of service. Rocket and Solidifi filed their Motions to Dismiss this case in December 2024. The Scheduling Conference was delayed by two months. Shortly before the Scheduling Conference and 72 days after Rocket filed its Motion to Dismiss, Rocket and Solidifi decided that a stay of discovery was warranted. The timing of this motion, with no explanation as to why it was not filed earlier, is inherently prejudicial to the United States by unreasonably delaying the just, speedy, and efficient resolution of this case. *See* Fed. R. Civ. P. 1.

Rocket and Solidifi argue that the United States does not need discovery because the U.S. Department of Housing and Urban Development ("HUD") already conducted an administrative investigation and because the United States supposedly delayed in bringing this action. ECF No. 63 at 5–6. These arguments misapprehend the nature of HUD's administrative process and how it relates to this federal court lawsuit.

5

HUD began its investigation in June 2021 pursuant to 42 U.S.C. § 3610(a)–(b). ECF No. 1 ¶¶ 137–139. On July 15, 2024, the Secretary of HUD issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A). ECF No. 1 ¶ 140. Ms. Cheroutes elected to have the claims asserted in the Charge of Discrimination proceed in federal court pursuant to 42 U.S.C. § 3612(a) on July 22, 2024, and on July 23, 2024, a HUD Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court. ECF No. 1 ¶¶ 141–142.

Only then could the United States bring this suit in federal court. *See* 42 U.S.C. § 3612(o) ("If an election is made under [42 U.S.C. § 3612(a)], the Secretary shall authorize, and not later than 30 days *after the election is made* the Attorney General shall commence and maintain, a civil action . . . in a United States district court . . . ." (emphasis added)); *see also* ECF No. 1 ¶ 143 (noting that the United States and all Defendants executed tolling agreements to extend the 30-day deadline by two months). Contrary to Rocket and Solidifi's representations, the United States brought this suit within three months of the first date on which it was permitted to do so.

Rocket and Solidifi's participation in HUD's investigation suggests that discovery may actually be more efficient and less burdensome, since Defendants provided certain documents and information as part of the investigation. Discovery is still warranted, however, because this case is not a review of an administrative proceeding; rather, it is a new lawsuit where the United States bears the burden of proof as the plaintiff. Thus, a prior administrative investigation does not mean that the United States cannot now seek discovery through the usual means in this federal court proceeding. And as discussed in

6

greater detail below, *infra* § 2, the United States is not requiring Rocket and Solidifi to produce duplicative discovery already produced in the HUD investigation. Instead, the United States seeks additional information not previously produced by Defendants.

### 2. Burden on Defendants

Discovery in any lawsuit will impose some manner of burden on the defendants. *See Colo. Dep't of Public Health & Env't*, 2021 WL 5770228, at *3 ("[D]efendants are always burdened when they are sued." (quotation omitted)). However, "typically, [t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Id.* (quotation omitted). Requiring Defendants to participate in the ordinary burden of the discovery process—consistent with the District of Colorado's general practice of moving forward with discovery, *see* D.C.COLO.MJ V.8[2]—is not so burdensome as to constitute a reason to delay discovery.

Rocket and Solidifi next argue that they have "already produced significant

---

[2] Rocket and Solidifi cite to a number of District of Colorado cases in which motions to stay discovery were granted. *See* ECF No. 63 at 4–10 & n.1, n.2, n.3. Many of these cases involve *unopposed* motions to stay discovery. *See Elec. Payment Sys., LLC v. Elec. Payment Sols. of AM., Inc.*, No. 14-cv-02624-WYD-MEH, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015); *Colo. Dep't of Pub. Health & Env't, Hazardous Materials & Waste Mgmt. Div. v. United States*, No. 21-cv-02474-RMR-NYW, 2021 WL 5770228, at *1 (D. Colo. Dec. 6, 2021); *CSMN Invs., LLC v. Cordillera Metro. Dist.*, No. 17-cv-2512-RM-GPG, 2018 WL 10582184, at *1 (D. Colo. Feb. 3, 2018); *Kramer v. Vigil*, No. 13-cv-00142-PAB-KLM, 2013 WL 1828523, at *1 (D. Colo. Apr. 30, 2013); *Herman v. PBIA & Co.*, No. 19-cv-00584-PAB-GPG, 2021 WL 5280487, at *1 (D. Colo. June 10, 2021); *Myers v. City of Loveland*, No. 12-cv-02317-REB-KLM, 2012 WL 5364219, at *1 (D. Colo. Oct. 31, 2012); *Carriker v. City & Cnty. of Denver*, No. 12-cv-02365-WJM-KLM, 2012 WL 5388134, at *1 (D. Colo. Nov. 2, 2012); *see also Robinson*, 2017 WL 11488719, at *1–2 (granting a stay of discovery only until the date as to which the non-moving party did not oppose a stay). The United States opposes staying discovery here, which makes the procedural posture of this case distinct from the cases cited by Defendants.

7

discovery" through the HUD administrative investigation and that the discovery they might be required to produce would be "largely duplicative." ECF No. 63 at 7. The United States stated in its first set of written discovery requests that, if a defendant had already produced certain information during the HUD investigation, it need not re-produce this information to the United States but could instead just point to its previous production.[3] Thus, because Rocket and Solidifi are not being asked to engage in duplicative discovery, this lessens their burden significantly. *Cf. Colo. Dep't of Public Health & Env't*, 2021 WL 5770228, at *3 (recognizing that "requiring [the] [d]efendants to produce largely duplicative discovery in this case, all while a potentially case-dispositive motion is pending, would impose a unique burden on [the] [d]efendants").

With regard to the United States' requests for new discovery, Rocket and Solidifi claim that the written discovery requests served by the United States are "irrelevant, disproportional, overbroad and otherwise improper." ECF No. 63 at 7–8. But again, these claimed burdens are simply those inherent in the discovery process and are not unique to the claims or issues presented by this case. The United States' discovery requests are reasonable and tailored to the needs of the case. Defendants' objections to these discovery requests should be addressed through written objections, conferral with the United States, and, if necessary, a motion for a protective order, not a motion to stay discovery. *See* Fed. R. Civ. P. 26(b)(2), (c); D.C.COLO.MJ VI.

---

[3] The United States would be entitled to request that Defendants produce documents regardless of whether Defendants had previously provided them to HUD. *See Cook v. Rockwell Int'l Corp.*, 161 F.R.D. 103, 105 (D. Colo. 1995). However, in an effort to reduce the burden on Defendants, the United States has not done so.

More generally, Rocket and Solidifi contend that it would be unduly burdensome to be forced to engage in discovery while their motions are pending. *See* ECF No. 63 at 6–9. It is true that entering discovery will pose some burden on these Defendants. But this burden does not outweigh the underlying principle that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Chilcott*, 713 F.2d at 1484 (quotation omitted). If Rocket and Solidifi had brought a motion based on lack of jurisdiction or qualified immunity, the Court might have been "more inclined to stay discovery."[4] *Sports Rehab*, 2020 WL 12675948, at *2. Instead, Rocket and Solidifi move to dismiss under Rule 12(b)(6), thus weighing against a stay. *See id.* Moreover, Ms. Cheroutes will be entitled to seek discovery from Rocket and Solidifi regardless of whether the United States' claims against those Defendants are dismissed.

### 3.    Convenience of the Court

The convenience to the Court weighs against staying discovery. While Rocket and Solidifi have Motions to Dismiss pending, ECF Nos. 28 and 39, the other named

---

[4] Some of the cases to which Rocket and Solidifi cite involve an assertion of the defense of qualified immunity. *See Vreeland v. Vigil*, No. 18-cv-03165-PAB-SKC, 2019 WL 2229718, at *1 (D. Colo. May 23, 2019); *Karsten v. Camacho, P.A.*, No. 13-cv-01651-WJM-MJW, 2013 WL 5548327, at *1 (D. Colo. Oct. 8, 2013); *Estate of George v. City of Rifle*, No. 20-cv-00522-CMA-GPG, 2020 WL 13825346, at *1 (D. Colo. Nov. 6, 2020); *Thakuri ex. Rel. Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *1 (D. Colo. Dec. 12, 2019). Discovery in qualified immunity cases is a unique issue, and the rules for staying discovery in such cases are not applicable to the case at hand. *Cf. Karsten*, 2013 WL 5548327, at *1 ("[E]valuating the defense of qualified immunity is a threshold issue, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" (quoting *Siegert v. Gilley*, 500 U.S. 226, 233 (1991))). Putting aside cases involving qualified immunity, Defendants do not cite any case in which the District of Colorado has stayed discovery for an indeterminate amount of time, over a plaintiff's objection, based on a motion to dismiss brought solely under Rule 12(b)(6).

defendants, Mr. Mykhailyna and Maverick, answered the Complaint, ECF No. 59, and have not requested a stay of discovery. As the *String Cheese* court noted, "the court is inconvenienced if matters proceed in a piecemeal fashion[,] which would occur if discovery proceeded against some, but not all, defendants." 2006 WL 894955, at *2. Indeed, if discovery were completed between Plaintiffs and the non-moving Defendants and the Motions to Dismiss were subsequently denied, "all parties would have to engage in a second round of discovery." *Id.* Furthermore, Ms. Cheroutes will be entitled to take discovery of Rocket and Solidifi regardless of the disposition of the United States' claims, thus increasing the odds of piecemeal discovery if the Motion to Stay Discovery is granted.

Rocket and Solidifi also claim that it would be a waste of judicial resources for the Court to take time weighing in on discovery disputes that they believe will inevitably arise in this case. ECF No. 63 at 9. However, the Court will need to preside over discovery in this case anyway, as Mr. Mykhailyna and Maverick have not moved to dismiss the United States' Complaint, and no Defendant has moved to dismiss Ms. Cheroutes's Complaint. Thus, granting a stay of discovery against Rocket and Solidifi will not result in greater convenience to the Court.

### 4. Interests of nonparties to this litigation

The United States agrees with Rocket and Solidifi that there are no nonparties whose interests would be significantly affected by either proceeding with or staying discovery. *See* ECF No. 63 at 10. This factor is neutral.

### 5. Public interest

Finally, a stay of discovery in this case would not be in the public interest. Through this case, the United States seeks to enforce the FHA, which is certainly in the public interest. *See Hous. Auth. of Kaw Tribe of Indians of Oklahoma v. City of Ponca City*, 952 F.2d 1183, 1195 (10th Cir. 1991) ("Congress [through the FHA] intended to summon all available forces to 'vindicat[e] a policy [of fair housing] that Congress considered to be of the highest priority.'" (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 211 (1972))).

Rocket and Solidifi contend that "[t]he government does not claim to be representing the public interest" in bringing this suit and instead seeks only to vindicate Ms. Cheroutes's individual claims. ECF No. 63 at 10. As explained above, this is a misrepresentation of the United States' position. The United States' client is the United States, and while it is seeking relief on behalf of Ms. Cheroutes, it ultimately represents the interests of the United States in enforcing the FHA and obtaining the relief the statute requires. As explained in Ms. Cheroutes's Motion to Intervene, her individual interests are not identical to those of the United States. *See* ECF No. 19 at 5–7.

Rocket and Solidifi also claim that, because their Motions to Dismiss are based in part on the appraisal independence provisions in 15 U.S.C. § 1639e, "the public interest embodied in the government's appraiser-independence regulations" supports a stay. ECF No. 63 at 10. However, as noted above, a pending motion to dismiss for failure to state a claim under Rule 12(b)(6) is not, standing alone, a basis for staying discovery.

11

The merits of the Motions to Dismiss have been briefed and can be addressed by the Court in its ruling on those motions.

*   *   *

The ordinary burden to Rocket and Solidifi of engaging in the discovery process does not outweigh the presumption in the District of Colorado that discovery should proceed absent a qualified immunity or other jurisdictional defense. The prejudice to the United States, the inconvenience to the Court of a piecemeal discovery process, and the public interest all weigh in favor of allowing discovery to proceed. Accordingly, the Motion to Stay Discovery should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff United States respectfully requests that the Court deny the Motion to Stay Discovery, ECF No. 63.

Dated March 6, 2025.

| | |
|---|---|
| J. BISHOP GREWELL<br>Acting United States Attorney | MAC WARNER<br>Deputy Assistant Attorney General<br><br>MICHAEL E. GATES<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| s/ Alicia Alvero Koski<br>***Alicia Alvero Koski***<br>***Zeyen J. Wu***<br>Assistant United States Attorneys<br>United States Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>Telephone: (303) 454-0100<br>Email: alicia.alvero.koski@usdoj.gov | s/ Nathan Shulock<br>CARRIE PAGNUCCO<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>***Nathan Shulock***<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street, NE<br>Washington, DC 20530<br>Telephone: (202) 598-3254<br>Email: nathan.shulock@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

s/ Alicia Alvero Koski
***Alicia Alvero Koski***
Assistant United States Attorney
Attorney for Plaintiff
United States of America
