IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

and

FRANCESCA CHEROUTES,

    Intervenor Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

**STIPULATION AND ORDER REGARDING DISCOVERY**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff United States of America, Intervenor Plaintiff Francesca Cheroutes, and Defendants Rocket Mortgage, LLC; Solidifi U.S. Inc.; Maksym Mykhailyna; and Maverick Appraisal Group Inc. (each a "Party" and collectively, the "Parties") have entered into this Stipulation to reduce the time, expense, and other burdens of discovery of documents, things, and electronically stored information ("ESI"), and to govern certain discovery obligations in this action. The Parties agree that this Stipulation does not address or resolve any

1

objections to discovery requests that already have already been or may be served in the future. The Parties agree to meet and confer in good faith to resolve any discovery dispute that may arise and, to the extent that they are unable to resolve any such dispute through such efforts, the Parties may bring the dispute to the Court's attention in accordance with its procedures for doing so.

**A.** **Proportionality.** The Parties are expected to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time-periods for discovery, and other parameters to limit and guide preservation and discovery issues.

**B.** **Preservation**

1. The Parties agree that by preserving documents, information, things, and ESI for the purpose of this litigation, they are not conceding that such material is discoverable, they are not waiving any claim of privilege, work product, or any other privilege or protection against disclosure, and they are not waiving any objections to the discoverability of any materials on any grounds.

2. This Stipulation and Order does not modify any Party's obligation to maintain and preserve documents, information, things, and ESI where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

**C.** **Limitations on Obligation to Preserve and Produce:**

2

The Parties agree to limit the scope of preservation as described in this section.

1. The Parties agree that they do not need to take specific, affirmative steps to preserve for purposes of this litigation the following categories of ESI:

    a. Delivery or read receipts of e-mail;

    b. Logs or other data from video-conferencing (including, e.g., Skype, Microsoft Teams, or Zoom) or instant messaging tools involving counsel for the United States or the other Parties' outside counsel;

    c. Temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;

    d. Internally facing server system logs;

    e. Externally facing or hosted file sharing system logs;

    f. System data from photocopiers or fax machines;

    g. Auto-saved copies of electronic documents;

    h. Deleted, slack, fragmented, or other data only accessible by forensics;

    i. Random access memory ("RAM"), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    j. Logs of or other data from audio calls (including, e.g., landline phones, mobile devices, and Voice Over Internet Protocol ("VOIP")) made to or from (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendant(s) in this case (and their staff);

3

  k. Voicemail messages on the voicemail systems of (i) attorneys for the United States (and their staff) and/or (ii) attorneys for Defendant(s) in this case (and their staff);

  l. Legacy data remaining from systems no longer in use that is unintelligible on the systems in use;

  m. Encrypted data/password protected files, where the key or password cannot be ascertained absent extraordinary or disproportional efforts; and

  n. Corrupted data or otherwise inaccessible files that cannot be recovered by the systems currently in use.

2. When duplicate copies of relevant ESI exist in more than one location, this Order does not require a Party to preserve all duplicates as follows:

  a. ESI existing or stored on mobile or portable devices (*e.g.*, smartphones, tablets, thumb drives, CDs, DVDs, etc.) or file sharing sites does not need to be preserved pursuant to this Order *provided that* duplicate copies of the ESI, including metadata, are preserved in another location reasonably accessible to the Party.

  b. ESI on backup media, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration or which are subject to routine rewriting and are not reasonably accessible ("Backup Systems") need not be preserved

4

   pursuant to this Order. However, if a Party knows that relevant ESI exists *only* on a Party's Backup System, the Party will take reasonable steps to preserve ESI on the Backup System until the Parties can agree on how and when the ESI will be preserved or produced. If the Parties cannot reach an agreement, they will seek a ruling from the Court.

  c. The parties agree that de-duplication of documents may be performed globally across the entire ESI collection (based on MD5 or SHA-1 hash values at the parent level). For emails with attachments, the harsh value is generated based on the parent/child document grouping.

3. The Parties agree that they do not need to take specific, affirmative steps to preserve for purposes of this litigation relevant documents, information, things, or ESI (including internal communications, drafts, versions, and collaboration on case-related work) created by and, if shared with any other(s), exchanged (i) solely among attorneys for the Department of Justice (and their staff) and/or attorneys for Francesca Cheroutes (and their staff); (ii) solely among attorneys for Defendants (and their staff); and/or (iii) solely among attorneys for the Department of Justice (and their staff) and attorneys for the Department of Housing and Urban Development (and their staff).

    4.    The Parties agree not to seek discovery of documents, information, things, and ESI that they have agreed not to preserve pursuant to § C.1-3 above.

**D.**     **Privileged Documents, Things and ESI**

    1.    <u>Disclosure of Privileged or Protected Information</u>

        a.    Pursuant to Federal Rule of Evidence 502(d), the Parties agree that a disclosure of information contained within documents, information, things, and ESI that is protected by attorney-client privilege, work product protection, common interest privilege, applicable governmental privileges (such as deliberative process), and/or any other applicable privileges or protections against disclosure does not operate as a waiver with respect to the privileged or protected material or as a subject matter waiver in the pending case or in any other federal or state proceeding, in any federal court-mandated arbitration proceeding, or in any foreign proceeding. This provision constitutes an Order under Federal Rule of Evidence 502(d). This Order is not intended to govern any provisions which are separately addressed in a Protective Order. The mere production of documents or data in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

        b.    If the producing Party discloses information that it asserts is privileged or protected, it will notify the receiving party within 14 days of discovery of disclosure and provide the production date, number, and volume of the production in which it was produced ("production volume"), and the

        Bates number(s) or Document ID (for native files) of all material that it believes contains the disclosed information.

c.    If a production contains information that the receiving Party believes is privileged or protected, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of such item it believes was produced. Within 14 days after receiving notification from the receiving Party, the producing Party may make a written request for return of the material.

d.    When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return, or destroy all produced privileged or protected material identified by the producing party. If copies of produced privileged or protected materials are located or stored on the receiving Party's Backup System(s), those copies should be affirmatively removed.

e.    If the receiving Party must destroy or delete produced materials (*e.g.*, downloaded file(s)) in order to destroy or delete produced privileged or protected material, the producing Party will provide an overlay production volume with slipsheets within 14 days of its written request for return of the material to the receiving Party.

f.    If the receiving Party intends to challenge the claim of privilege or protection, it will keep one copy of the produced privileged or protected

material in a sealed envelope or a sequestered location while seeking a ruling from the Court. Nothing in this Stipulation prevents access by a receiving Party's information technology or security personnel from accessing, in the normal course of their work, systems or locations where produced privileged or protected material is sequestered.

### E. Costs of Document Production

In the absence of an order of this Court or mutual-agreement of the Parties, each Party shall bear the costs of producing its own documents, information, things, and ESI.

### F. Miscellaneous

1. The terms of this Stipulation and Order are not exhaustive. Each Party reserves the right to subsequently request to meet and confer to address any discovery matters, including forms of production and other matters not addressed herein.

2. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request.

Dated: April 22, 2025

Agreed to by counsel for the Parties:

/s/ Alicia Alvero Koski
*Zeyen J. Wu*
*Alicia Alvero Koski*
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Email: Alicia.Alvero.Koski@usdoj.gov

*Attorneys for Plaintiff United States*

/s/ Nathan Shulock
*Nathan Shulock*
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, DC 20530
Telephone: (202) 598-3254
Email: nathan.shulock@usdoj.gov

/s/ Mari Newman (by permission)
*Mari Newman*
*Madeline Leibin*
*Andy McNulty*
1490 N. Lafayette Street Suite 304
Denver, CO 80218
(720) 850 - 5770
mari@newman-mcnulty.com
madeline@newman-mcnulty.com
andy@newman-mcnulty.com

*Attorneys for Intervenor Plaintiff Francesca Cheroutes*

9

*/s/ Angelica Rankins (by permission)*
Brooks R. Brown
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
bbrown@goodwinlaw.com

Keith Levenberg
Angelica Rankins
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
klevenberg@goodwinlaw.com
arankins@goodwinlaw.com

*Attorneys for Defendant Rocket Mortgage, LLC*

Jeffrey B. Morganroth
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Ave., Suite 200
Birmingham, MI 48009
Telephone: (248) 864-4000
Facsimile: (248) 864-4001
jmorganroth@morganrothlaw.com

Jacob F. Hollars, #50352
Spencer Fane, LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Phone: (303) 839-3707
Fax: (303) 839-3838
Email: jhollars@spencerfane.com

*/s/ Christopher A. Riley (by permission)*
Christopher A. Riley
John Evan Laughter
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
404-881-7000 (telephone)
404-881-7777 (facsimile)
chris.riley@alston.com
johnevan.laughter@alston.com

Michael J. Carrigan
Alexandria E. Pierce
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
mcarrigan@hollandhart.com
aepierce@hollandhart.com

*Attorneys for Defendant Solidifi U.S. Inc.*

*/s/ Maria Temkin (by permission)*
Maria Temkin
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 939-4181
Fax: (215) 914-6975
maria@temkinlegal.com

*Attorney for Defendants Maksym Mykhailyna and Maverick Appraisal Group Inc.*

SO ORDERED:


DATE:_____    _____
                                                         Hon. Timothy P. O'Hara
                                                        United States Magistrate Judge