IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

and

FRANCESCA CHEROUTES,

    Intervenor Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA;
and
MAVERICK APPRAISAL GROUP INC.,

    Defendants.

---

**PROTECTIVE ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

    The parties expect that the disclosure of documents in this case may involve the exchange of sensitive information, including personal or business financial information, personally identifying information, and/or information of other types that would be subject to protection from public disclosure pursuant to the Privacy Act, 5 U.S.C.

1

§ 552a. Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of the foregoing Protective Order pursuant to Fed. R. Civ. P. 26(c):

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties and/or nonparties, including but not limited to: personally identifying information, medical and personal financial information, private personnel information, trade secrets, and other proprietary business information. This may include documents and information produced during the U.S. Housing and Urban Development investigation, FHEO No. 08-21-3530-8 ("2021 HUD Investigation"). CONFIDENTIAL documents, materials, and information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the designating party or

further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b.    the parties, including their designated representatives and counsel;

    c.    expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

    d.    the Court and its employees ("Court Personnel") and the jury at trial;

    e.    stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f.    deponents, witnesses, or potential witnesses;

    g.    law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

    h.    independent providers of document reproduction, electronic discovery, or other litigation services or process servers retained or employed specifically in connection with this litigation;

    i.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement

discussions;

    j.  anyone as otherwise required by law; and

    k.  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order, and for any such disclosures to persons identified in sub-paragraph 4(c) (expert witnesses and consultants), counsel shall obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Alternatively, documents produced electronically may be designated as CONFIDENTIAL by adding the word "CONFIDENTIAL" to the end of the file name and denoting the documents as "CONFIDENTIAL" in a production log. Parties may also mark documents that have been produced to them as CONFIDENTIAL if they believe the documents contain information covered by paragraph 3 of this Protective Order. Receiving parties designating documents as CONFIDENTIAL are responsible for notifying other parties, marking the documents, and re-producing the documents with the correct confidentiality designation to all other parties. Documents marked by receiving parties must bear the same Bates Number as the originally

produced document, and only the re-produced documents may be used as exhibits, or for any other purpose, in this case. Documents marked by receiving parties are subject to this Protective Order.

7. In the event the United States produces documents or information originally obtained from any of the defendants as part of the 2021 HUD Investigation without a "CONFIDENTIAL" designation, the defendant that originally produced such documents or information shall have 30 days from the date of the production or the entry of this Order (or such other time as the parties may mutually-agree), whichever is longer, to designate such documents as "CONFIDENTIAL" pursuant to the procedures set forth in paragraph 6. All such documents and information shall be treated as CONFIDENTIAL information until the thirty-day (or other mutually-agreeable) period has expired.

8. Inadvertent failure to designate any document as CONFIDENTIAL will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided

written notice of the designation is promptly given to all counsel of record within **thirty days** after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty-day period has expired.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the specific information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the dispute within **ten business days** after the time the notice is received (or such other time as the parties may mutually-agree), the parties shall **jointly** contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued by the party marking the information as CONFIDENTIAL, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this

action as CONFIDENTIAL information, the receiving party must so notify the designating party, in writing, within two business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual party in the case of a pro se litigant, and must include a copy of the subpoena or court order. Within two business days of receiving the subpoena or order, the receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.

12. If additional persons or entities become parties to this lawsuit, they must not be given access to any CONFIDENTIAL Information until they provide to the other parties their written agreement to be bound by the provisions of this Protective Order.

13. Within **thirty days** of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated either (a) to return the CONFIDENTIAL information, including any copies, to the designating party, or (b) to destroy the CONFIDENTIAL information, including any copies. The receiving party, however, need not destroy or return (a) any CONFIDENTIAL information that it is required by law to maintain, (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information, or (c) CONFIDENTIAL information that it is required to maintain for a specific period of time pursuant to the written terms of a malpractice insurance policy in force at the time of

the final determination of this action. In the event a receiving party asserts that it is required to maintain CONFIDENTIAL information pursuant to the written terms of an applicable and in force malpractice insurance policy, the receiving party (a) shall, within thirty days of the final determination of this action, provide a written notice to each designating party informing the designating party of the required time period of the retention of the designating party's CONFIDENTIAL information and attaching a copy of the malpractice policy the receiving party maintains requires retention for that time period, and (b) shall, within thirty days of the expiration of the retention period set forth in the written notice, either (i) return the CONFIDENTIAL information, including any copies, to the designating party, or (ii) destroy the CONFIDENTIAL information, including any copies, and provide written confirmation of such destruction to the designating party.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

15. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

16. This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 29th day of April, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge