IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO
UNITED STATES OF AMERICA,

    Plaintiff,

and
FRANCESCA CHEROUTES,

    Intervening Plaintiff,

v.
ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA;
and MAVERICK APPRAISAL GROUP INC.,

    Defendants.

**ROCKET MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

In this lawsuit, the United States and intervening Plaintiff Francesca Cheroutes allege that the appraiser who valued Ms. Cheroutes' property in connection with her refinance loan application to Rocket Mortgage, LLC ("Rocket Mortgage") discriminated against her on the basis of race. In her Fed. R. Civ. P. 26 disclosures, Ms. Cheroutes identified non-party Scott Holstein—a tenant who rented one of the units at the property at the time of challenged appraisal—as a person with knowledge of the relevant facts because he allegedly was present during the appraiser's visit to Ms. Cheroutes' property. Accordingly, Rocket Mortgage properly served document requests on Mr. Holstein via a subpoena *duces tecum* issued out of this Court. Mr. Holstein did not respond to or otherwise acknowledge the subpoena. He has similarly ignored Rocket Mortgage's various attempts to reach him by email about the subpoena and this Motion. Rocket

1

Mortgage thus respectfully moves this court pursuant to Fed. R. Civ. P. 37(a)(1) and 45(d)(2)(B)(i) and D.C. Colo. L. Civ. R. 7.1, for an order compelling Mr. Holstein to comply with the subpoena and produce the requested documents without further delay.

## BACKGROUND

The United States commenced this action on October 21, 2024 on Francesca Cheroutes's behalf pursuant to 42 U.S.C. § 3612(o). *See* Compl., ECF No. 1. Ms. Cheroutes intervened in the matter on March 4, 2025 pursuant to Fed. R. Civ. P. 24(a)(1) and (2) and 42 U.S.C. 3612(o). *See* Intervenor Compl., ECF No. 70. Both complaints center around allegations that independent property appraiser, Defendant Maksym Mykhailyna, undervalued Ms. Cheroutes's home because of her race. ECF No. 1 ¶ 149; *see* ECF No. 70 ¶ 18.

According to the United States and Ms. Cheroutes, Scott Holstein was Ms. Cheroutes's tenant at the time of the appraisal and was present during Mykhailyna's visit to her property. ECF No. 1 ¶¶ 60-61; and ECF No. 70 ¶ 21; *see also* Ex. 2 (Intervenor Plaintiff's Initial Disclosures describing Mr. Holstein as Ms. Cheroutes's tenant). On February 18, 2025, the government served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and listed Mr. Holstein as an individual "likely to have information about the Subject Property" and "likely to have information about Mr. Mykhailyna's visit to the Subject Property as part of the Subject Appraisal." Ex. 1. After intervening, Ms. Cheroutes likewise served initial disclosures also listing Mr. Holstein as someone with "information about Mr. Mykhailyna's visit to the Subject Property as part of the Subject Appraisal, as well as the impacts the Defendants' discrimination and retaliation inflicted on Ms. Cheroutes" and "knowledge or information relevant to the facts and circumstances

2

alleged in Intervenor Plaintiff's and the United States' Complaints, including but [*sic*] any contact that they had with Ms. Cheroutes, preceding, during and following the events relating to the discrimination and retaliation experienced by Ms. Cheroutes; and other information relating to the claims and defenses in this matter." Ex. 2.

On August 21, 2025, Rocket Mortgage properly served a valid subpoena *duces tecum* on Mr. Holstein that requested he produce certain documents related to the appraisal visit he witnessed by September 11, 2025. See Exs. 7 (subpoena) and 8 (proof of service). Mr. Holstein did not produce the requested documents or attempt to contact Rocket Mortgage regarding the subpoena. Rocket Mortgage waited four additional business days before emailing Mr. Holstein on September 17 at the email address provided in Ms. Cheroutes's Initial Disclosures (Ex. 2) to inquire when a response might be forthcoming. Ex. 3. Mr. Holstein did not respond. Rocket Mortgage gave Mr. Holstein another two weeks and emailed him again on October 1 requesting a response by October 6, or else Rocket Mortgage would seek relief from the Court. Id. Again, Rocket Mortgage received no response. Rocket Mortgage subsequently determined that the email address for Mr. Holstein that Ms. Cheroutes's counsel furnished in her initial disclosures was incorrect, or at least inconsistent with the email address reflected in another document produced by Ms. Cheroutes. *Compare* Ex. 2 at 3 *with* Ex. 6. Thus, before filing this motion, Rocket Mortgage again attempted to contact Mr. Holstein at the alternative email address it had identified to give him a final opportunity to respond to the subpoena Rocket Mortgage had served two months' prior. Rocket Mortgage again received no response. Ex. 3.

The subpoena Rocket Mortgage served on Mr. Holstein seeks relevant documents

3

and is not burdensome. It seeks merely documents related to the appraisal visit, the U.S. Department of Housing and Urban Development ("HUD") investigation that preceded the lawsuit, and the lawsuit. Rocket Mortgage served identical subpoenas on Ms. Cheroutes's adult children, Leah Harris and Mark Rauls, whom the government and Ms. Cheroutes also disclosed as witnesses in similar terms, and both responded and produced documents with no further action required.

## ARGUMENT

"Federal Rule of Civil Procedure 45 permits a party to command a nonparty to produce documents within that nonparty's possession, custody, or control" and "must comply with the same standards that govern discovery between the parties." *U.S. v. Mattison*, 2025 WL 1504388 at *3 (D. Colo. May 27, 2025). Rule 45 "contemplates that third parties may be subject to some inconvenience in responding to subpoenas," which is unavoidable. *SEC v. Fuhlendorf*, 2010 WL 3547951, at *3 (D. Colo. Sept. 7, 2010). A written objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served," or else the objections are waived. FED. R. CIV. P. 45(d)(2)(B).

Though the Federal Rules of Civil Procedure permit broad discovery of materials and information "regarding any nonprivileged matter that is relevant to any party's claim or defense" (FED. R. CIV. P. 26(b)(1)), the Subpoena was narrowly tailored and sought only documents in Mr. Holstein's possession related to the appraisal, the HUD investigation that preceded the lawsuit, and the lawsuit. Rocket Mortgage has good faith reasons to believe Mr. Holstein may have relevant documents in his possession, since:

- Mr. Holstein is referenced in both complaints as being present during the appraisal visit and a personal witness to events alleged in the complaints. ECF

  No.1 ¶¶ 60–61; ECF No. 70 ¶ 21.

- Mr. Holstein is listed in both the government's and Ms. Cheroutes's Rule 26 initial disclosures as an individual who has information relevant to Ms. Cheroutes's claims. Exs. 1 and 2.

- Mr. Holstein provided an interview to HUD during its pre-lawsuit investigation. Ex. 4 (US_000726).

- Mr. Holstein has been in contact with Ms. Cheroutes regarding this lawsuit at least twice since she elected to have it proceed as a civil action under 42 U.S.C. § 3612(o). Ex. 5 and 6.

  Rule 45(g) permits the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it," though it is customary to "order[] compliance with [the] subpoena" first before resorting to contempt sanctions. *United States v. Mattison*, 2025 WL 1504388 at *4 (quoting FED. R. CIV. P. 45(g) advisory comm. n. to 2013 amend.). That is all Rocket Mortgage seeks at this time. Rocket Mortgage will suffer prejudice if the government and Ms. Cheroutes can probe Mr. Holstein for relevant information but Rocket Mortgage cannot. Mr. Holstein should therefore be compelled to comply with the subpoena and produce any responsive documents.

## CONCLUSION

  For the foregoing reasons, Rocket Mortgage respectfully requests that the Court: grant this Motion to Compel and order Mr. Holstein to produce the documents responsive to the Subpoena without further delay.

  Respectfully submitted this 7th day of November, 2025.

5

| | |
|---|---|
| Jeffrey B. Morganroth<br>Morganroth & Morganroth<br>344 N. Old Woodward Ave., Ste. 200<br>Birmingham, Mich. 48009<br>(248) 864-4000<br>jmorganroth@morganrothlaw.com<br><br>Jacob Hollars<br>Spencer Fane LLP<br>1700 Lincoln St., Ste. 2000<br>Denver, Colo. 80203<br>(303) 839-3707<br>JHollars@spencerfane.com | /s/ Brooks R. Brown<br>Brooks R. Brown<br>GOODWIN PROCTER LLP<br>100 Northern Ave<br>Boston, MA 02210<br>Telephone: (617) 570-1000<br>Bbrown@goodwinlaw.com<br><br>Keith Levenberg<br>Angelica Rankins<br>GOODWIN PROCTER LLP<br>1900 N Street, N.W.<br>Washington, D.C. 20036<br>Tel.: (202) 346-4000<br>klevenberg@goodwinlaw.com<br>arankins@goodwinlaw.com |

*Counsel for Defendant Rocket Mortgage, LLC*

**CERTIFICATE OF COMPLIANCE: D.C.COLO.LCivR 7.1(a)**

Undersigned counsel certifies that Rocket Mortgage's counsel attempted to confer with Mr. Holstein thrice, in good faith, via email, to resolve the present dispute, and Mr. Holstein provided no response. A copy of these communications are attached as Ex. 3.

/s/ Brooks R. Brown
Brooks R. Brown

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2025, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also certify that I served or caused to be served a copy of the foregoing on Scott Holstein via email and process server.

/s/ *Brooks R. Brown*
Brooks R. Brown