## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02915-GPG-TPO

UNITED STATES OF AMERICA,

      Plaintiff,

FRANCESCA CHEROUTES,

      Intervenor Plaintiff,

v.

ROCKET MORTGAGE, LLC;
SOLIDIFI U.S. INC.;
MAKSYM MYKHAILYNA; and
MAVERICK APPRAISAL GROUP INC.,

      Defendants.

---

## JOINT MOTION FOR A SETTLEMENT CONFERENCE

---

Pursuant to D.C.COLO.LCivR 16.6 and Civ. Practice Standard 16.6, the Parties hereby move jointly for an order setting a settlement conference before Magistrate Judge O'Hara, in accordance with the Court's Order at ECF No. 12.[1]

This request for a settlement conference is consistent with the requirements set forth for such a request in both this Court's Local Rules and in the Court's

---

[1] In Judge Gallager's referral order to the Magistrate Judge, he provided that, "on the request of the parties by motion, this court may direct the parties to engage in . . . a settlement conference, or another alternative dispute resolution proceeding."  ECF No. 12; *see also* ECF No. 24 (reassigning the referral order from Magistrate Judge Varholak to Magistrate Judge O'Hara).

corresponding Practice Standards.  A settlement conference before Magistrate Judge O'Hara would be more appropriate than private alternative dispute resolution at this stage of the proceedings as Plaintiff the United States is a government entity funded by the public and Magistrate Judge O'Hara has an extensive familiarity with the case through prior discovery and status conferences.  By the time of any settlement conference, the Parties will have exchanged at least one written demand and response to that demand, including monetary and non-monetary terms.  The Parties believe that settlement conference/mediation with Magistrate Judge O'Hara is likely to facilitate partial or complete resolution of this case.

1.    The United States' complaint alleges that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by discriminating against Intervenor Plaintiff because of race and color in connection with her application to refinance her mortgage. *See generally* ECF No. 1.  Intervenor Plaintiff's complaint alleges that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and 42 U.S.C. § 1981 by discriminating against Intervenor Plaintiff because of her race and color in connection with her application to refinance her mortgage.  *See generally* ECF No. 70.  Since the case was filed in 2024, the Parties have actively and cooperatively engaged in discovery, including serving and responding to discovery requests.  The Parties have completed extensive fact discovery, the United States has produced affirmative expert reports, Intervenor Plaintiff has circulated affirmative expert disclosures, and the Parties have deposed ten fact witnesses.  Discovery is ongoing, and the discovery cutoff is currently October 20, 2026.  ECF No. 164.  To facilitate good faith settlement

discussions and a productive settlement conference, the Parties are contemporaneously separately moving to stay/extend the current discovery and pretrial deadlines pending the completion of the requested settlement conference with Magistrate Judge O'Hara.

2.      This Court's Local Rules provide that "[u]nder 28 U.S.C. § 652, all litigants in civil actions shall consider the use of an alternative dispute resolution process." D.C.COLO.LCivR 16.6.  Pursuant to this Court's corresponding Practice Standard, "the parties must move for an order setting a settlement conference pursuant to Local Civil Rule 16.6" should they "seek to participate in a settlement conference before a Magistrate Judge."  GPG Civ. Practice Standard 16.6(b).  Before making such a motion, the Parties "must exchange at least one written demand and response to that demand, including monetary and non-monetary terms."  *Id.*  In that motion, "[t]he Parties should be prepared to address why a settlement conference before the court is more appropriate than private alternative dispute resolution."  *Id.*

3.      These standards are met here.  First, by the time the settlement conference is set, the Parties will have exchanged written demands and responses.[2] Second, while the Parties have made some headway toward reaching a resolution, they believe that a settlement conference before Magistrate Judge O'Hara at this stage

---

[2] For the United States' part, it is presently working through the internal approval process for the making of a demand and anticipates making one in the coming weeks once that process is complete. In the meantime, however, the Parties agree that settlement discussions are more likely to be productive if a settlement conference is set and the case schedule stayed or extended to avoid the further, potentially unnecessary expenditure of time and resources.

would be more effective than the Parties' continued negotiations or a private mediation. A settlement conference would be in the public interest.  Because the United States is a government entity funded by the public, a settlement conference before Magistrate Judge O'Hara, rather than private mediation, would further the public interest.

4.      The Parties agree that a settlement conference before the Court would be more desirable and more effective than private mediation at stage, and specifically believe that a settlement conference before Magistrate Judge O'Hara could have the potential to resolve their remaining differences.  The case, and the settlement discussions, present a number of complex issues and involve five separate parties. Magistrate Judge O'Hara is familiar with this case, having managed discovery between the Parties.  The Parties believe Judge O'Hara's extensive familiarity with the case could aid in a potential resolution.  Furthermore, the outside perspective on Intervenor Plaintiff's case from Magistrate Judge O'Hara would be beneficial to her as well.

5.      Under D.C.COLO.LCivR 7.1(a), all Parties have conferred regarding the relief set forth in this Joint Motion, and the Parties join in seeking the relief sought.

WHEREFORE, the Parties respectfully jointly request that the Court issue an order setting a settlement conference before Magistrate Judge O'Hara.

Dated: July 31, 2026.

PETER MCNEILLY
United States Attorney

s/ V. William Scarpato III
Julia M. Prochazka
**V. William Scarpato III**
Alicia Walker
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
Alicia.Walker@usdoj.gov
Julia.Prochazka@usdoj.gov
Victor.Scarpato@usdoj.gov

*Attorneys for Plaintiff United States of America*

NEWMAN | MCNULTY, LLC

s/ Madeline Leibin (by permission)
Mari Newman
Andy McNulty
**Madeline Leibin**
1490 N. Lafayette Street Suite 304
Denver, CO 80218
(720) 850 - 5770
mari@newman-mcnulty.com
andy@newman-mcnulty.com
madeline@newman-mcnulty.com

*Attorneys For Francesca Cheroutes*

Respectfully submitted:

s/ Christopher A. Riley (by permission)
**Christopher A. Riley**
John Evan Laughter
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
404-881-7000 (telephone)
404-881-7777 (facsimile)
chris.riley@alston.com
johnevan.laughter@alston.com

Michael J. Carrigan
Alexandria E. Pierce
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
mcarrigan@hollandhart.com
aepierce@hollandhart.com

*Attorneys for Defendant Solidifi U.S. Inc.*

Temkin & Associates, LLC

s/ Maria Temkin (by permission)
**Maria Temkin, Esq.**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel.  (215) 939-4181
maria@temkinlegal.com

*Attorney for Defendants Maxym Mykhailyna and Maverick Appraisal Group, Inc.*

s/ Brooks R. Brown (by permission)
**Brooks R. Brown**
Goodwin Procter LLP
100 Northern Ave.
Boston, Mass. 02210
(617) 570-1000

5

bbrown@goodwinlaw.com

Keith Levenberg
Angelica Rankins
Goodwin Procter LLP
1900 N. St., N.W.
Washington, D.C. 20036
(202) 346-4000
klevenberg@goodwinlaw.com
arankins@goodwinlaw.com

Jacob Hollars
Spencer Fane LLP
1700 Lincoln St., Ste. 2000
Denver, Colo. 80203
(303) 839-3707
JHollars@spencerfane.com

Jeffrey B. Morganroth
Morganroth & Morganroth
344 N. Old Woodward Ave., Ste. 200
Birmingham, Mich. 48009
(248) 864-4000
jmorganroth@morganrothlaw.com

*Attorneys for Rocket Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

<u>s/ V. William Scarpato III</u>
***V. William Scarpato III***
Counsel for Plaintiff United States